WAGNER *v.* BUESCHER BAND INSTRUMENT COMPANY, LIBERTY MUTUAL, CHICAGO, ILLINOIS.

[No. 18,590. Filed November 24, 1954.]

*Gildea & Stuart,* of Elkhart, for appellant.

*Henry L. Humrichouser,* of South Bend, for appellees.

ROYSE, P. J.—This is an appeal from a finding and award of the Full Industrial Board that the injuries appellant received in an accident did not arise out of and in the course of her employment with appellee.

The facts necessary to a determination of the question presented here may be summarized as follows:

Appellant has been employed by appellee as a drill press operator for a little more than fifteen months. At appellee's plant there is an unincorporated association among some (but not all) of the employees, which is generally known as the Recreation Association. This Association is financed by membership dues of $1.50 per year per member. Appellee contributes $1.50 per year per member. Its only other source of revenue is from the profits of coke and milk machines installed throughout the plant. At times appellee has, on request, made additional contributions. This Association has a Board of Directors of five members. Two of appellee's representatives are on this Board. The President and Treasurer are elected by popular vote and are the custodians of its funds. Appellee does not lay down any rules on what the Association can or cannot do or how it will expend its funds, except only that it stipulates that all employees, whether members of the Association or not, are eligible to attend the annual Christmas party and picnic.

On Saturday, June 20, 1953, the annual picnic was held in a grove leased by a committee of the Association for that purpose. Appellee had no part in leasing these grounds and all arrangements for the picnic were made by committees of the Association. A paper was circulated among the employees by employees of appellee at the plant inviting attendance and requesting each of those attending to bring a dish. Announcement of the picnic was made over the loud speaker about four P.M. Friday preceding the picnic. Those who needed transportation were advised to be at the plant Saturday morning. Transportation was furnished by members

of the Association. Attendance at the picnic was not compulsory and employees were not paid for going. The plant was closed the day of the picnic.

Appellant drove to the picnic grounds about 11 A.M. A short time later when going for a drink of water she fell on a tile floor which had water on it. She was directed to go to the plant doctor on Monday following the accident. As a result of the accident she had to undergo surgery and be off from work a total of thirteen weeks.

Appellant contends the foregoing facts lead inescapably to the conclusion her accident arose out of and in the course of her employment with appellee. In support of this contention among others she relies on the following cases: *O'Leary* v. *Brown-Pacific-Maxon* (1951), 340 U. S. 504, 95 L. Ed. 483; *Tedesco* v. *General Electric Company* (1953), 305 N. Y. 544, 114 N. E. 2d 33; *Moore's Case* (1953), 330 Mass. 1, 110 N. E. 2d 764.

We are unable to see how the O'Leary case, *supra,* supports the contention of appellant. In that case the employer maintained on the Island of Guam a recreation center for its employees near the shore line, along which ran a channel so dangerous for swimming that its use for swimming was forbidden and signs to that effect erected. The deceased employee had spent the afternoon at the center and was waiting for the employer's bus to take him from the area when he saw or heard two men standing on the reefs beyond the channel signalling for help. Followed by others he plunged in to effect a rescue. In attempting to swim the channel he was drowned. Under the Federal procedure the Deputy Commissioner found the employee's death arose out of and in the course of his employment.

On appeal, the Ninth C. C. A. reversed, see 182 F. 2d 772. The Supreme Court, in an opinion by a divided court*, Mr. Justice Frankfurter, in reversing the C. C. A., said:

"We are satisfied that the record supports the Deputy Commissioner's finding. The pertinent evidence was presented by the written statements of four persons and the testimony of one witness. It is, on the whole, consistent and credible. From it the Deputy Commissioner could rationally infer that Valak acted reasonably in attempting the rescue, and that his death may fairly be attributable to the risks of the employment. We do not mean that the evidence compelled this inference; we do not suggest that had the Deputy Commissioner decided against the claimant, the court would have been justified in disturbing his conclusion."

In this case the appellee did not provide the recreation ground, nor provide transportation to and from the picnic ground. The Industrial Board found the accident did not arise out of and in the course of appellant's employment. Under such circumstances, if the O'Leary case, *supra,* is an authority for the decision of this case, it would be for affirmance.

The facts in the Tedesco case, *supra,* are entirely different from those in this case. In that case the

---

* In a strong dissent, with which we agree, concurred in by Mr. Justices Jackson and Barton, Mr. Justice Minton, after a review of the finding of the Commissioner, said:

"I am unable to understand how this court can say this is a fact based upon evidence. It is undisputed upon this record that the deceased, at the time he met his death, was outside the recreational area in the performance of a voluntary act of attempted rescue of someone unknown to the record. There can be no inference of liability here unless liability follows from the mere relationship of employer and employee. The attempt to rescue was an isolated, voluntary act of bravery of the deceased in no manner arising out of or in the course of his employment. The only relation his employment had with the attempted rescue and the following death was that his employment put him on the Island of Guam."

recreation center and grounds were owned by the employer and the New York court points out the Association was dominated and controlled by the employer. It distinguishes and approves its former holding in the case of *Wilson* v. *General Motors Corporation et al.* (1949), 298 N. Y. 468, 84 N. E. 2d 781, where compensation was denied for injuries sustained in a baseball game played in a public park.

In the *Moore's Case, supra,* the Massachusetts court did not decide the question but remanded the case for a more complete finding.

Other cases from foreign jurisdictions relied on by appellant are not applicable to the facts herein.

The rule which guides our decision in this case is succinctly stated in Workmen's Compensation Law of Indiana by Small, at page 159:

> "In addition to the limitation that a compensable injury or death must arise out of the employment, there is the further directive that it must arise in the course of the employment. In other words, it must arise within the period of employment, at a place where the employee may reasonably be, and while the workman is fulfilling the duties of his employment, or is engaged in something incidental thereto. The primary emphasis seems to be upon the time and the place of the accident, and its relation to what the employee was supposed to be doing at the time." ·

To the same effect see: *Mishawaka Rubber & Woolen Manufacturing Company* v. *Walker, Gdn., et al.* (1949), 119 Ind. App. 309, 84 N. E. 2d 897 (Transfer denied) ; *Tom Joyce 7 Up Company* v. *Laymen* (1942), 112 Ind. App. 369, 44 N. E. 2d 998; *Lasear, Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 434, 192 N. E. 762.

In this case the burden was on the appellant to establish by a fair preponderance of the evidence that

108

her injuries arose out of and in the course of  her employment. We are of the opinion her attendance at the picnic was not an incident of her employment. Therefore, the award is affirmed.

NOTE.—Reported in 122 N. E. 2d 618.

