MILLER, PLAINTIFF, *v.* YOUNG, ADMR., ETC., ET, DEFENDANTS.

Common Pleas Court, Madison County.

No. 21548.   Decided December 28, 1961.

Mr. Robert L. Summers, for plaintiff.
Mr. Mark McElroy, attorney general, for the administrator.
Messrs. Kincaid, Palmer & Randall, Mr. Dahlton R. Kincaid, of counsel, for defendant McCord Corporation.

BAYNES, J. This case arises on appeal from a determination of the Industrial Commission denying decedent's spouse's claim to participate in the fund. It is submitted to the Court on a stipulation of waiver of jury trial and of facts from which the Court finds the facts to be:

That claimant is the surviving spouse who with her children were dependents of the deceased, an employee of the McCord Corporation on June 24, 1959. At that date, he was subject of a traumatic injury which was the direct cause of his death, while playing softball.

The team decedent played on was known as the McCord team, one of eight teams, the others being of private organizations including churches and one public employees' group. The league was municipally sponsored by the London Recreation Department. McCord did not organize the team; a group of its employees did so without its knowledge or assistance.

The ball games were played on grounds provided by the municipality, and no McCord employee played on company property or time. The team members requested the placing of the name McCord on caps and sweatshirts worn by members, which was granted. They also asked for a contribution, and in 1958 they were given $45, and in 1959, $86.65. These sums went to purchase caps and sweatshirts. All other expenses were borne by the municipality or the team members. The sums contributed by McCord and the use of its name was "to promote 'good feeling' between the employees and the employer."

All parties agree that the legal question is whether or not the injury and death, here involved, occurred in the course of and arose out of decedent's employment by McCord, Section 4123.-01(C), Revised Code. We are cognizant of the fact that Workmen's Compensation Laws require liberal construction to effectuate the purposes of the Act.

But it is also true that there must be established that there must be some evidence of a causal connection between the em-

ployment and the injury permitting claimant to participate in the fund; *Simerlink* v. *Young* (1961), 172 Ohio St., 427, 178 N. E. (2d), 168, 17 Ohio Opinions (2d), 376.

This causal connection was found by the First District Court of Appeals in *Ott* v. *Industrial Commission* (1948), 83 Ohio App., 13, 82 N. E. (2d), 137, 52 Ohio Law Abs., 49, 38 Ohio Opinions, 127, which was a recreational or sports case. On claimant's behalf, after some equivocation, it is contended that the *Ott case* "should be dispositive of the fact situations in the instant case." Counsel for McCord urge, "The *Ott case* can be clearly distinguished from the case at bar." The Attorney General of Ohio takes an identical position on behalf of the Administrator.

The facts found in the *Ott case* differing from the instant case are: 1. Crosley had adopted an employee recreational program. 2. Playing equipment was furnished by Crosley. 3. The program was supervised by a paid supervisor employed by Crosley. 4. The program was designed to promote the health and general welfare of the players, to cultivate a friendly relation between them and the corporation and incidentally advertise the corporation to the public.

It is stated in Ohio State Law Journal, v. 19, 563, that injuries caused by employee sports participation outside working hours when a program is actively supported and encouraged by the employer are compensable. The *Ott case* and Rule 4 (Rev. April 1, 1956), of the Bureau of Workmen's Compensation are cited for this proposition. It is also said:

"The degree of employer support or sponsorship of the extra-curricular activity may be most material in determining whether the injury is compensable."

The Supreme Court in the *Simerling case*, contra the Court of Appeals in the *Ott case*, was reluctant to rely on out-of-state decisions, saying the Ohio Statute and judicial construction require a different rule. In the *Ott case* it was further said:

"In view of the facts . . . it seems that there is a sufficient relationship in the activity of the deceased at the time of his death to his employment to justify the conclusion that claimant is entitled to compensation under the Constitution and statutes, as well as the rule of the Industrial Commission."

We do not permit ourselves to draw any other inference from the facts stipulated by the parties herein, namely, the use of the McCord name and its modest contribution of $151.65 in a two-year period had as its object promotion of good feeling. This is in no wise comparable to the four facts which were set out above found by the Court in the *Ott case*.

The causal connection between the employment and the injury cannot be sustained on a *scintilla* of evidence but must be proved by a preponderance of the evidence. Such quantum of proof must be that as to which reasonable minds might come to different conclusions. In this we find, claimant having the burden of proof, has failed.

Judgment accordingly.