Beck, Appellee, *v.* Young, Admr., Bureau of Workmen's Compensation, Appellant; Isaly Dairy Co.*

(No. 4238—Decided October 6, 1962.)

*Mr. Paul R. Van Such,* for appellee.
*Mr. Mark McElroy,* attorney general, and *Mr. Alvin C. Vinopal,* for appellant.
*Mr. Regis Gilroy,* for Isaly Dairy Company.

*Per Curiam.* This case was presented to the Common Pleas Court on a motion for summary judgment filed by the Administrator and finally submitted to this court on an agreed statement of facts, an affidavit filed therein, together with the pleadings and briefs, and the same is before us on a transcript of such, and is an appeal on questions of law only.

On review, it is the judgment of this court that the motion for summary judgment was properly overruled. It is the further judgment of this court that the record conclusively indicates that the matter was submitted to the trial court on the merits with a stipulation of all the material facts.

The question before the trial court was whether the injury of the claimant, which was occasioned in an automobile collision while the claimant was on a trip to New Orleans, Louisiana, was in the course of his employment with the Isaly Dairy Company,

*Motion to certify the record overruled (37994), May 8, 1963.

and whether such injury arose out of such employment. The trial court decided this question in favor of the claimant.

The facts are that numerous sales managers of Isaly Dairy Company stores were offered as a prize a trip to New Orleans or a cash amount, and that the claimant here chose the trip, as did many other employees.

The facts further show that this recreational trip was so instituted by the company that it was quite apparent that they desired their employees to compete for this prize and to participate in it.

The facts further rather definitely show that the association of one prize winner with another prize winner in this trip was to the company's benefit, and was part of its program of sales promotion.

It is apparent that an unsupervised trip alone to New Orleans would not have been as desirable a prize and would not have accomplished the company's purpose to the same degree as a trip in the company of other managers, including company planned entertainment, mutually enjoyed, and recreation not only authorized by but sponsored by the company.

There is sufficient relationship in the activity of this employee at the time of his injury to his employment to justify the trial court's conclusion that the claimant is entitled to compensation under the statute.

It is apparent that both employee and employer received considerations from this activity, which was a direct outgrowth of the sales program, which was not only authorized by the company but definitely sponsored by it with the means of its accomplishment furnished at the expense of the company. Language from *Ott* v. *Industrial Commission*, 83 Ohio App., 13, approved and followed.

We find no error prejudicial to the rights of the defendant, and the judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.