Kohlmayer, Appellant, *v.* Keller, Admr., Bureau of Workmen's Compensation, Appellee, et al.

[Cite as Kohlmayer v. Keller (1970), 24 Ohio St. 2d 10.]

(No. 70-68—Decided September 24, 1970.)

*Mr. Eugene Bleiweiss* and *Mr. Donald Weisberger*, for appellant.

*Mr. Paul W. Brown*, attorney general, *Mr. James Maurer* and *Mr. R. Peterson Chalfant*, for appellee.

SCHNEIDER, J. At the outset, we observe that a reversal would be required in any event, by reason of the trial court's submission of a special instruction to the effect that an injury occurs in the "course of employment . . . while the workman is engaged in the performance of the duty he is employed to perform."

An injured employee need not be in the actual performance of his duties in order for his injury to be in the "course of employment," and thus compensable. *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18, 23; *Sebek* v. *Bronze Co.* (1947), 148 Ohio St. 693, 698. Statements to the contrary which have been uttered by this court, *e. g., Indus. Comm.* v. *Lewis* (1932), 125 Ohio St. 296, *Ashbrook* v. *Indus. Comm.* (1939), 136 Ohio St. 115, and *Indus. Comm.* v. *Ahern* (1928), 119 Ohio St. 41, must be read in light of the particular facts of those cases. In all three cases the injury occurred during a period when claimant was engaged in a purely personal pursuit or errand.

The more compelling question presented by this case is whether an injury, which is sustained by an employee of a small business while attending a picnic which is spon-

sored, supervised and paid for by the employer, and which is given by the employer for the purpose of generating friendly relations with his employees, is sustained in the "course of employment." We think that it is.

In *Sebek* v. *Bronze Co., supra* (148 Ohio St. 693), we held that an employee who received ptomaine poisoning from food served at a meal provided by the employer was injured in the course of employment. The opinion stated:

"A rule recognized, and often applied by this court, is that an employee to be entitled to compensation need not necessarily be engaged in the actual performance of work for his employer at the time of an injury. It is sufficient if he is engaged in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment."

The opinion concludes that that standard was met because the meal was part of the employee's compensation.

In this case, the plaintiff was not compensated for his presence at the picnic. However, there are many factors which indicate that his attendance at the picnic was consistent with his contract of hire and was logically related to his employment. The employer sponsored, paid for and supervised the affair. He did this, not to provide a social gathering for his friends, but to provide his employees with an outing for the purpose of improving employee relations. The employer's involvement with the affair, which he gave primarily as a business function, created a substantial connection between the activity and the employment.

Improved employee relationships which can, and usually do, result from the association of employees in a recreational setting produce a more harmonious working atmosphere. Better service and greater interest in the job on the part of the employees are its outgrowths. The expense of the picnic may furnish the basis for an income tax deduction as a business expense. Tangible business benefits are even more likely to be realized where, as here, a small business is involved.

Thus, business-related benefits, even though not immediately measurable, which may be expected to flow to the employer from sponsoring a purely social event for his employees, are sufficiently related to the performance of the required duties of the employee so that it is "correct to say that the Legislature intended the enterprise to bear the risk of injuries incidental to that company event." *Sica* v. *Retail Credit Co.* (1967), 245 Md. 606, 227 A. 2d 33. See, also, *Ricciardi* v. *Damar Products Co.* (1965), 45 N. J. 54, 211 A. 2d 347. Cf. *Beck* v. *Young* (1962), 119 Ohio App. 109; *Ott* v. *Indus. Comm.* (1948), 83 Ohio App. 13.

A swimming injury is one which can reasonably be expected to occur at a company picnic at which swimming facilities are provided. In this case, the danger to plaintiff was a natural risk of the activity in which he was involved. See *Marlow* v. *Goodyear Tire & Rubber Co., supra* (10 Ohio St. 2d 18, 22), and *Highway Oil Co.* v. *Bricker* (1935), 130 Ohio St. 175.

We hold, therefore, that the trial court should have given the instructions requested by plaintiff. We hold further, however, that the trial court should have allowed plaintiff's motion for judgment notwithstanding the verdict which was inconsistent, as a matter of law, with the jury's answers to the special interrogatories. *Columbus, Delaware & Marion Electric Co.* v. *O'Day* (1931), 123 Ohio St. 638; *Central Gas Co.* v. *Hope Oil Co.* (1925), 113 Ohio St. 354.

Accordingly, the judgment of the Court of Appeals is reversed and final judgment is rendered for the plaintiff.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., dissenting. I do not agree that the answers given by the jury to the special interrogatories require or permit the conclusion *as a matter of law* that plaintiff's

injury was "received in the course of, and arising out of, the injured employee's employment" within the purview of R. C. 4123.01(C).

Absent some compulsion or direction to attend the company picnic, either express or implied, I cannot construe the voluntary attendance by an employee at a picnic at the employer's home, during off-duty hours and where no company business is involved, as being within the ambit of "the contract of hire, express or implied, oral or written." R. C. 4123.01(A) (1).

Counsel for plaintiff concede that if proof of compulsion or direction to attend be essential, the evidence as to such issue was in dispute. None of the interrogatories determine this factual issue. By the holding herein, the majority accepts the premise that a factual determination as to this issue is not essential to the question of compensibility herein. I do not agree.

In addition to the special instruction refused by the trial court and referred to in the majority opinion, that court also refused another special instruction which included the additional requirement as a condition for compensibility that "the plaintiff was directed by the employer to attend the picnic." In my opinion, the refusal to give such instruction was prejudicial error, not warranting final judgment for the plaintiff but only a remand for a new trial.

The majority opinion cites, apparently with approval, *Sica* v. *Retail Credit Co.* (1967), 245 Md. 606, 227 A. 2d 33, and *Ricciardi* v. *Damar Products Co.* (1965), 45 N. J. 54, 211 A. 2d 347. In *Sica*, the annual picnic was an express term of the contract of employment. In *Ricciardi*, the death of the employee occurred while returning from the picnic. To fully accept the rationale of *Ricciardi* seemingly would compel the overruling by this court of *Lohnes* v. *Young* (1963), 175 Ohio St. 291; *Simerlink* v. *Young* (1961), 172 Ohio St. 427; *Industrial Commission* v. *Baker* (1933), 127 Ohio St. 345; *Industrial Commission* v. *Gintert* (1934), 128 Ohio St. 129; and *Industrial Commission* v. *Heil*

(1931), 123 Ohio St. 604, all of which refused to extend compensibility to injuries while traveling to or from work, where the employee had a fixed and limited place of employment.

By way of contrast with *Ricciardi*, other cases predicate compensibility upon proof of compulsion or direction, express or implied, obligating the employee to attend the company sponsored social event, such being incident to the contract of employment, and refuse compensibility in the absence of such proof. E. g. *Stakonis* v. *United Advertising Corp.* (1930), 110 Conn. 384, 148 A. 334; *Stout* v. *Sterling Aluminum Products Co.* (Mo. App. 1948), 213 S. W. 2d 244; *Graves* v. *Central Elec. Power Co-op.* (Mo. 1957), 306 S. W. 2d 500; *Wagner* v. *Buescher Band Instrument Co.* (1954), 125 Ind. App. 103, 122 N. E. 2d 618; *Noble* v. *Zimmerman* (1957), 237 Ind. 556, 146 N. E. 2d 828; *Campbell* v. *Liberty Mutual Ins. Co.* (Tex. Civ. App. 1964), 378 S. W. 2d 354; *Anderson* v. *Custom Caterers, Inc.* (1966), 279 Ala. 360, 185 So. 2d 383; *Landry's Case* (1963), 346 Mass. 762, 190 N. E. 2d 208.

For the reasons stated, I would not render final judgment for the plaintiff but, instead, would remand the cause for new trial.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.