COLUMBIA GAS OF OHIO, INC., APPELLEE, *v.* SOMMER ET AL.,
APPELLANTS.

[Cite as Columbia Gas of Ohio v. Sommer (1974),
44 Ohio App. 2d 69.]

(No. 7654—Decided June 14, 1974.)

*Mr. John L. Straub,* for appellee.
*Mr. Kenneth L. Mickel,* for appellants.

POTTER, P. J. This is an appeal from a decision of
the Court of Common Pleas of Lucas County denying
Richard K. Radde the right to participate in the Ohio
Workmen's Compensation Fund. Defendant Radde, one
appellant herein, is an employee of the plaintiff, Columbia
Gas of Ohio, Inc., the appellee.

While playing in a basketball game on a team spon-
sored by plaintiff, Radde received injuries for which he
filed a claim for compensation. This claim was allowed
by the Administrator of the Bureau of Workmen's Com-
pensation and, on appeal, by the Toledo Regional Board of
Review. The employer thereafter appealed to the

Court of Common Pleas and the cause was submitted to the trial court on a stipulation of facts.

Before considering the substantive features of the case, the procedural aspects present many intriguing byways which invite exploration. The appeal was brought pursuant to R. C. 4123.519 under a provision that either the claimant or the employer may appeal a decision of the Industrial Commission. In this case, the employer appealed to the Court of Common Pleas. A review of the record indicates that the appeal to the Court of Common Pleas was taken from an order of the Industrial Commission entered on December 20, 1972, but the notice of appeal was not filed in the Common Pleas Court until April 11, 1973. R. C. 4123.519 provides that the filing of a timely notice of appeal is jurisdictional, but it further provides that the notice shall be filed by the appellant with the Commission and in the Court of Common Pleas within sixty days after the date *of the receipt* of the decision appealed from or the date of receipt of the order of the Commission refusing to permit an appeal from a Regional Board of Review. The date of receipt of the decision has not been challenged by the claimant and we will, in this absence, assume that the notice of appeal was timely filed.

Following the filing of the notice of appeal, on the same date, the employer filed a paper which it captioned "Petition and Complaint under Sec. 4123.519 of the Ohio Revised Code." The filing of the Petition and Complaint by the employer was not only expeditious, but also innovative, for the statute provides:

"*The claimant shall*, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. Further pleadings shall be had in accordance with the rules of civil procedure, provided that service of summons on such petition shall not be required. * * *" (Emphasis added.)

To the Complaint, claimant filed his Answer and prayed

that plaintiff's Complaint be dismissed and the defendant be permitted to participate in the Workmen's Compensation Fund. The Answer of the Administrator was unenlightening. As has been observed (see Young, Workmen's Compensation Law of Ohio 162, Section 11.18) the right of appeal on the part of the employer has been a procedural thorn. In the instant case, none of the parties wished to penetrate the procedural thicket, and since the basic issue—"the right of the plaintiff to participate or to continue to participate in the fund"—was presented to the trial court without a jury, and upon a stipulation of facts, we shall disregard procedural abnormalities and consider the substantive issue.

From the stipulation of facts, we glean that the claimant was injured in a basketball game which was being played in a recreation department basketball league, after working hours, at a local high school field house. The basketball teams were formed at the instance of the employees, but the request of the employees was honored in order to promote good feeling and good will between the company and to "bind the wounds" resulting from a bitter strike which had occurred in 1961. Uniforms and equipment were paid for and were subject to approval by the gas company. Employees participating on the basketball teams, prior to their basketball games, had to wear warm-up jackets with the company name placed thereon. Further, the membership on the teams was limited to gas company employees. The company paid the entrance fees, but the leagues in which the teams played were not controlled or supervised by the company. The results of the games were published in a local newspaper and the Gas Company News, the Columbia Gas magazine.

In addition to the stipulation, the trial court and this court have considered Rule 4, entitled Athletics, adopted and published by the Bureau of Workmen's Compensation in a pamphlet entitled "Important Resolutions, Rules, Orders & Instructions," revised August 1965, which we quote as follows:

"It is hereby directed that in all cases where the

employer encourages the employees to engage in athletics, either during working hours or outside of working hours, and supervises and directs, either directly or indirectly, such activities, meritorious claims for injuries to any such employees while so engaged will be recognized, the employer's risk and experience to be charged with such cases. In the event any such employees, while so engaged, receive extra compensation from the employer the same shall be included in the payroll reports of this department.

"This order shall not apply to employers who do not supervise and direct either directly or indirectly athletic activities of their employees or do not pay the employees for the time devoted to athletics."

As was indicated in the case of *Ott* v. *Industrial Commission* (1948), 83 Ohio App. 13, while the rule of the Industrial Commission may be helpful, the basic issue is whether or not the employee received "an injury" in the course of and arising out of his employment. See R. C. 4123.01. The parties concentrated their argument on the claimed analogous situations found in *Ott* v. *Industrial Commission, supra,* and *Miller* v. *Young* (1961), 93 Ohio Law Abs. 68, and the degree of supervision provided by the company.

We hold that the case of *Kohlmayer* v. *Keller* (1970), 24 Ohio St. 2d 10, is controlling. There, an employee broke his neck when he dove off a pier at his employer's premises during a company picnic. By a special verdict, the jury found that the plaintiff did not sustain the injury in the course of and arising out of his employment. Plaintiff's motion for judgment notwithstanding the verdict was denied and judgment was entered against him. The court of appeals affirmed. In reversing the judgment, the Supreme Court said, at page 12, as follows:

"Improved employee relationships which can, and usually do, result from the association of employees in a recreational setting produce a more harmonious working atmosphere. Better service and greater interest in the job on the part of the employees are its outgrowths. The

expense of the picnic may furnish the basis for an income tax deduction as a business expense. Tangible business benefits are even more likely to be realized where, as here, a small business is involved.

"Thus, business-related benefits, even though not immediately measurable, which may be expected to flow to the employer from sponsoring a purely social event for his employees, are sufficiently related to the performance of the required duties of the employee so that it is 'correct to say that the Legislature intended the enterprise to bear the risk of injuries incidental to that company event.' *Sica* v. *Retail Credit Co.* (1967), 245 Md. 606, 227 A. 2d 33. See, also, *Ricciardi* v. *Damar Products Co.* (1965), 45 N. J. 54, 211 A. 2d 347. *Cf. Beck* v. *Young* (1962), 119 Ohio App. 109; *Ott* v. *Indus. Comm.* (1948), 83 Ohio App. 13."

The opinion indicates that the element of supervision is not the *sine qua non* but that business-related benefits derived by the employer from the event, may also be considered to determine if the injury sustained by the employee arose out of and in the course of employment within the terms of the Workmen's Compensation statute. An annotation in 47 A. L. R. 3d 566, entitled "Workmen's Compensation: Injury sustained while attending employer-sponsored social affair as arising out of and in the course of employment," at page 583, specifically refers to *Kohlmayer* v. *Keller, supra,* and to related cases supporting the proposition that a business-related benefit is sufficient to justify the conclusion that the injury arose out of and in the course of employment.

We find from the stipulations that the company sustained a business-related benefit, although such was intangible and not immediately measurable, and the benefit was sufficiently related to the employment to impose upon the company a risk incidental to the activity; therefore, the employee's injury arose out of and in the course of his employment.

*Judgment reversed.*

Brown and Wiley, JJ., concur.