**HENDERSON, Appellant,**

v.

**GOULD, INC. et al., Appellees.**

[Cite as *Henderson v. Gould, Inc.* (1994), 96 Ohio App.3d 283.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65772.

Decided Aug. 1, 1994.

*Scott I. Levy* and *Frank P. Giaimo,* for appellant.

*Thomas E. Giffels* and *Keith A. Savidge,* for appellee Gould, Inc.

*Lee Fisher,* Attorney General, and *Diane J. Karpinski,* Assistant Attorney General, for appellee Industrial Commission of Ohio.

WEAVER, Judge.

Plaintiff Sharon Henderson appeals from the order of the trial court which granted summary judgment to defendant Gould, Inc. in Henderson's action for participation in the Workers' Compensation Fund. For the reasons set forth below, we affirm.

I

Plaintiff was hired by Gould in 1981 and worked as an equal opportunity coordinator, and security coordinator. In approximately 1986, she joined a bowling league at Gould. On January 15, 1988, while bowling with her team after work at the Palisades Two Bowling Lanes, plaintiff slipped and fell and sustained injuries.

Thereafter, in July 1988, plaintiff applied for worker's compensation benefits. Plaintiff's claim was initially denied but was later allowed by the board of review. Gould appealed this ruling to the Industrial Commission. The Industrial Commission affirmed the determination of the board of review, and on February 3, 1992, Gould appealed to the court of common pleas pursuant to R.C. 4123.519.

Gould subsequently moved for summary judgment, contending that plaintiff's injuries did not arise out of or in the course of her employment, and were therefore not compensable under R.C. 4123.01(C). Plaintiff filed a brief in opposition.

The evidence of record indicates that Gould had a "TGIF" bowling league for men and a separate league for women. The women's league was composed of approximately thirty people who play on eight or nine teams. Team members were primarily employees of Gould, but there were several members who were not employees. Gould did not pay fees or dues for the league members, and did not purchase uniforms or equipment. At the end of each season, however, the secretary-treasurer of the league asked Gould officials to make a contribution toward prizes and trophies, and upon such request, the company generally contributed between $10–15 per person. Money contributed by the company was awarded only to Gould employees, but non-employees were eligible for prize money donated from other sources.

Gould posted information about the league on its bulletin board prior to the start of bowling season, and also mentioned the league in its weekly newspaper. League members met on Friday evenings after working hours, however, and league-related work was not permitted to be performed during work time. Moreover, the company did not supervise the bowling.

On April 29, 1993, the trial court granted Gould's motion for summary judgment. Plaintiff now appeals, assigning a single error for our review.

## II

Plaintiff's assignment of error states:

"The trial court committed error by granting defendant Gould's motion for summary judgment where the facts demonstrated that at the time of her injury plaintiff Henderson was engaged in a recreational activity that was sponsored by defendant Gould, her employer, and/or from which Gould derived a substantial benefit."

Within this assignment of error, plaintiff asserts that there are genuine issues of material fact as to whether Gould sponsored and derived benefit from the bowling league, and a jury question is therefore presented as to whether plaintiff's injury is compensable under R.C. 4123.01(C).

R.C. 4123.01(C) provides in pertinent part as follows:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment.  * * * "

The "arising out of" element contemplates a causal connection between the injury and the employment. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 278, 551 N.E.2d 1271, 1274. In evaluating this element, the court applies a "totality of the circumstances" test. *Id.* The totality of the facts and circumstances include (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus.

The "in the course of" element contemplates an association between the employment and the time, place, and circumstances of the injury. *Fisher v. Mayfield, supra.*

In *Fisher v. Mayfield*, the claimant was a teacher who was injured at a school other than the one where she worked, while collecting for school district's "flower fund." The court determined that the claimant met both the "arising out of" and the "in the course of" elements for establishing compensability.

Similarly, in *Kohlmayer v. Keller* (1970), 24 Ohio St.2d 10, 11, 53 O.O.2d 6, 6–7, 263 N.E.2d 231, 232, the court determined that an employee who broke his neck at the employer's premises during a picnic which was supervised, paid for, and sponsored by the employer for the purpose of generating friendly relations

sustained a compensable injury. The court noted that the "in the course of" element does not necessarily require that the injured employee be in the actual performance of his job duties in order for the injury to be compensable. The court explained:

"[T]here are many factors which indicate that [the employee's] attendance at the picnic was logically related to his employment. The employer sponsored, paid for and supervised the affair * * * for the purpose of improving employee relations. The employer's involvement with the affair, which he gave primarily as a business function, created a substantial connection between the activity and the employment.

"Improved employee relationships which can, and usually do, result from the association of employees in a recreational setting produce a more harmonious working atmosphere. Better service and greater interest in the job on the part of the employees are its outgrowths. The expense of the picnic may furnish the basis for an income tax deduction as a business expense. Tangible business benefits are even more likely to be realized where, as here, a small business is involved.

"Thus, business-related benefits, even though not immediately measurable, which may be expected to flow to the employer from sponsoring a purely social event for his employees, are sufficiently related to the performance of the required duties of the employee so that it is 'correct to say that the Legislature intended the enterprise to bear the risk of injuries incidental to that company event.'" *Id.* at 12–13, 53 O.O.2d at 7, 263 N.E.2d at 233.

In *Columbia Gas of Ohio, Inc. v. Sommer* (1974), 44 Ohio App.2d 69, 73 O.O.2d 60, 335 N.E.2d 743, the court concluded that the plaintiff sustained a compensable injury in connection with his participation on a basketball team sponsored by his employer. The court stated:

" * * * the claimant was injured in a basketball game which was being played in a recreation department basketball league, after working hours, at a local high school field house. The basketball teams were formed at the instance of the employees, but the request of the employees was honored in order to promote good feeling and good will between the company and to 'bind the wounds' resulting from a bitter strike which had occurred in 1961. Uniforms and equipment were paid for and were subject to approval by the [employer]. Employees participating on the basketball teams, prior to their basketball games, had to wear warm-up jackets with the company name placed thereon. Further, the membership on the teams was limited to [employees of the company]. The company paid the entrance fees, but the leagues in which the teams played were not controlled or supervised by the company. The results of the games were

published in a local newspaper and [the company magazine]." *Id.* at 71, 73 O.O.2d at 61–62, 335 N.E.2d at 745.

The court noted that supervision of the game by the employer was not essential to recovery, as business-related benefits may also be considered to determine if the injury sustained by the employee arose out of and in the course of employment. The court then determined that the company had sustained a business-related benefit, although it was intangible and not immediately measurable, and that the benefit was sufficiently related to employment to impose upon the company a risk incidental to the activity. The court therefore concluded that the employee's injury arose out of and in the course of his employment.

■ In this case, the undisputed evidence demonstrates that plaintiff did not sustain her injury in the course of and arising out of her employment. With regard to the "arising out of" element, the totality of the facts and circumstances fail to establish the requisite causal connection between plaintiff's injury and her employment. Plaintiff was injured at a bowling lane, and not on her employer's premises, and there was no evidence that the employer had any control over the scene of the injury. In addition, there was no evidence that the employer derived any benefit from plaintiff's participation in the league, since it was not demonstrated that the company founded the league in order to promote unity or improve employee relations. Moreover, there is no evidence from which a benefit may be inferred, since it was shown that membership was not limited to employees, there were no company uniforms or logos, and the company did not supervise the activity or pay any participation fees.

Likewise, with regard to the "in the course of" element, there was no evidence to demonstrate any association between the employment and the time, place, and circumstances of the injury. The evidence indicated that participation in the bowling league involved only a small fraction of Gould's employees, bowling occurred after work hours and away from Gould's premises, paperwork for the league was not to be completed during work hours, and the company did not supervise, pay for, or sponsor the recreational pursuit.

Because the undisputed evidence of record failed to establish the essential elements of plaintiff's claim for participation in the Workers' Compensation Fund, the trial court properly granted Gould's motion for summary judgment. *Cf. Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099. Plaintiff's assignment of error is therefore overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and KRUPANSKY, J., concur.