JOURNAL ENTRY OPINION
Plaintiff-appellant Herbert Blankenship ("appellant") contests the decision of the Cuyahoga County Court of Common Pleas which awarded summary judgment in favor of defendants-appellees, Bureau of Workers Compensation and the Industrial Commission of Ohio ("appellees"). Appellant maintains that a genuine issue of material fact exists as to whether his injuries were sustained within the course and scope of his employment. We conclude that no genuine issue of material fact remains and that appellees are entitled to judgment as a matter of law and we affirm.
The uncontoverted facts in the record reveal that appellant was seriously injured on Saturday, May 27, 1995, while "bungee bouncing" from a crane leased to CRT Tree Service, a company owned by Sims Goodman. On that day, the crane was located on property rented by Sun and Seed, a landscape company owned by Gregory Naploszek. Robert Doyle, a friend and co-worker of appellant, set up the crane and operated the crane at the time of the incident. Although Sims Goodman had been called to the site by Doyle to watch the events and had witnessed the use of the crane for "bungee bouncing," Goodman had departed the site prior to the accident which injured appellant. Naploszek had also been called by Doyle to watch the activities, but he too left prior to the accident. As a result of the injuries he incurred, appellant applied for workers compensation benefits asserting that his injuries occurred while on the job. Appellant was denied the right to participate in the Workers' Compensation Fund at all levels of the administrative hearings. On October 27, 1997, appellant filed an administrative appeal pursuant to R.C.4123.512 in Cuyahoga County Common Pleas Court. After briefing on the issues was complete, the trial court granted summary judgment in favor of appellees. This appeal follows in which appellant advances a single assignment of error.
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFF-APPELLANT BECAUSE DISPUTED ISSUES OF MATERIAL FACT EXISTED BETWEEN THE PARTIES AND PURSUANT TO STATUTE, THE PLAINTIFF-APPELLANT WAS ENTITLED TO A TRIAL BY A JURY.
In his assigned error, appellant claims that the trial court should not have considered the evidence as put forth by appellees in the form of appellant's deposition because a question of fact existed as to appellant's competency. Further, appellant contends that the trial court erred in granting summary judgment to appellees claiming that a factual question exists as to whether his injuries occurred during the course and scope of his employment. Appellant claims that he was engaged in an employer sponsored recreational activity at the time of his injury. We reject appellant's arguments on three bases.
First, the record fails to demonstrate any objection to appellant's being deposed. Nor does the record indicate any assertion by counsel that appellant was incompetent to testify. Moreover, the record suggests an agreement of counsel to use the depositions as taken in the civil matter in the matter subjudice. Second, the unverified medical report appended to appellant's response for summary judgment by which he challenges his own competency fails to comport with the requirements of Civ.R. 56(C) and may be disregarded. Finally, we find that even without consideration of appellant's deposition testimony, sufficient uncontradicted evidence exists in the record to support the trial court's conclusion that appellant's injuries did not occur during the course and scope of his employment nor were his injuries sustained during an employer sponsored recreation activity.
This court reviews the lower court's grant of summary judgmentde novo. Brown v. Scioto Bd. of Commrs. (1993). 87 Ohio App.3d 704. We apply the same test as a trial court, which test is set forth in Civ.R. 56(C), and specifically provides that before summary judgment may be granted it must be determined that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317, 327.
It is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Dresher v. Burt, supra at 293. However, once the moving party has satisfied this burden, the non-moving party has the burden to set forth specific facts showing there is an issue for trial. Dresher, supra. In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial." Chaney v. Clark Cty. Agricultural Soc.
(1993), 90 Ohio App.3d 421, 424. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Dresher, supra; Celotex, supra at 322. Doubts must be resolved in favor of the nonmoving party. Murphyv. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
R.C. 4123, et seq. provides that an injury sustained by an employee is compensable under the Workers' Compensation Act only if it was received in the course of and arising out of the injured employee's employment. R.C. 4123.01(C). The Act is to be construed liberally in favor of the employee. R.C. 4123.95. However, it is well settled that the Act does not create a general insurance fund for injuries to employees but only for those injuries which occur in the course of and arise out of employment. Fletcher v. Northwest Mechanical contractors, Inc.
(1991), 75 Ohio App.3d 466, 470.
The test of the right to participate in the fund is whether a casual connection exists between an employee's injury and the employment, either through the activities, the conditions or the environment of the employee. Bralley v. Daugherty (1980), 61 Ohio St.2d 302,303. Factors used to determine whether an injury was sustained while in the course of employment include consideration of the time, place and circumstances surrounding the injury.Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277.
The Act is intended to protect employees against the risks and hazards incident to the performance of their duties. Phelps v.Positive Action Tool (1986), 26 Ohio St.3d 142. The Act is not meant to impose a duty on an employer as an absolute insurer of the employee's safety. Carrick v. Riser Foods (1996) 115 Ohio App.3d 573,577. As a logical result of the principle that the employer is not an absolute insurer to its employee's safety, injuries that result from an employee's misconduct or deviant behavior are not compensable as such conduct falls outside the scope of employment. Id. Employees, are not, therefore, entitled to compensation where injuries are sustained during horseplay.Cargill v. Jablonski (1992), 78 Ohio App.3d 807. But, an injured employee need not be in actual performance of his duties in order for his injury to be in the course of his employment and thus compensable. Marlow v. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18,23. An injury which is sustained by an employee of a small business while attending a picnic which is sponsored, paid for and supervised by the employer for the purpose of generating friendly relations with his employees is, as a matter of law, sustained in the course of employment. Kohlmayer v. Keller
(1970), 24 Ohio St.2d 10, syllabus. Similarly, an employee injured during participation in an employer-sponsored basketball game to promote better employee relations would be considered as sustained during the course of employment. Columbia Gas of Ohiov. Sommer (1974), 44 Ohio App.2d 69. However, the burden is on the claimant to establish that the injury occurred in the course of his employment. French v. ATT Technologies, Inc. (1991),69 Ohio App.3d 342, 347.
Here, in reliance on Kohlmayer, supra, appellant encourages us to characterize the circumstances of his injury as having occurred while he was engaged in a pursuit logically related to his employment. He contends that his employer took an "active part" and "encouraged" the "bungee bouncing" activities and his employer did not object to others using the crane. Appellant asserts that based upon these facts a jury could conclude that he was injured during an employer-sanctioned recreational activity. We do not agree.
In Kohlmayer, supra, the employee was injured during a diving accident at a company sponsored, paid for and supervised picnic. In finding that the employee was in the course of employment, theKohlmayer court determined that the "business related benefits, even though not immediately measurable, which may be expected to flow to the employer from sponsoring a purely social event for his employees, are sufficiently related to the performance of the required duties of the employee so that it is correct to say that the Legislature intended the enterprise to bear the risk of injuries incidental to that company event. [citations omitted.]"Id. at 13.
In Columbia Gas, supra, the claimant was injured during an employer-sponsored, but not employer-supervised, activity. The court found Kohlmayer to be controlling and reasoned that the element of supervision is not the sine qua non, but that business-related benefits derived by the employer from the event may be considered to determine whether the injury sustained arose out of and in the course of employment. Columbia Gas, supra at 73.
We find the circumstances surrounding the activities of the injured claimants in Kohlmayer and Columbia Gas to be significantly dissimilar to the circumstances surrounding appellant's injuries.
The within record contains the depositions of Gregory Naploszek, Robert Doyle and appellant. If we consider only the deposition testimony of Naploszek and Doyle, we find that it is undisputed that the employer, Sims Goodman, did not set up the equipment for the activity. The employer, Sims Goodman, was called to the scene by Doyle to watch the bungee activity. Goodman, Naploszek and appellant opined that Doyle was "crazy" for attempting to bungee jump from the crane. Although the employer was present when Naploszek and his son were lifted by the crane to see the view, it is uncontroverted that the employer left the scene prior to the incident which caused appellant's injury. Further, the employer, as he was leaving, gave instructions to Doyle and appellant to put the equipment away.
Therefore, when we apply the foregoing law to the facts of this case, where we construe the evidence most strongly in his favor, we find that no factual dispute exists as to whether appellant was or was not within the course of his employment when his injury occurred. We find that the evidence which reveals the time, place and circumstances surrounding appellant's injury creates no question as to whether a connection exists between appellant's injury and his employment. There was not.
There was no evidence to create a question as to whether the activity was employer-sponsored. There is no evidence in the record to create a question of whether the activity was supervised by the employer. There is no evidence in the record to create a question as to whether the employer benefitted from the activity. There is no evidence in the record to create a question of whether this activity somehow improved employee relations for CRT. Thus, in this case, reasonable minds could only come to one conclusion and that conclusion is adverse to appellant; he was not involved in an employer-sponsored event at the time of his injuries and, therefore, he was not entitled to participation in the fund. We find that the trial court properly granted summary judgment in favor of appellees. Appellant's assignment of error is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE
 PATRICIA A. BLACKMON, J. and ANNE L. KILBANE, J., CONCUR.