**MURRAY et al., Appellees,**

v.

**WOODARD; Grange Mutual Casualty Company, Appellant.**

[Cite as *Murray v. Woodard* (1997), 120 Ohio App.3d 180.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–269.

Decided May 16, 1997.

*Charles E. Boyk* and *Steven L. Crossmock*, for appellees.

*James L. Schuller*, for appellant.

---

KNEPPER, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas granting summary judgment in favor of appellees and against Grange Mutual Casualty Company ("Grange"). The issue before the court is whether R.C. 3937.181 requires that uninsured motorist property damage ("UMPD") coverage be provided as a matter of law absent a knowing and express waiver of such coverage. For the reasons that follow, this court reverses the judgment of the trial court.

On or about November 2, 1995, Gwendolyn Murray's car was rear-ended by a car driven by Dennis J. Woodard, an uninsured motorist. Appellees were insured by Grange at the time of the accident. The Declarations Page shows that coverage was provided for uninsured motorist bodily injury ("UMBI") coverage, but not for UMPD coverage.

The parties filed cross-motions for summary judgment regarding whether UMPD coverage had to be provided, pursuant to R.C. 3937.181, even though it was not listed in the Declarations Page. The trial court found that, absent proof that appellees knowingly and expressly rejected the coverage, UMPD coverage would be provided by operation of law. After finding that no such rejection was made, the trial court found that appellees were entitled to coverage for damages to, or the destruction of, the motor vehicle.

In its assignment of error, Grange asserts that the trial court erred in finding that appellees were entitled to judgment as a matter of law. Grange argues that R.C. 3937.181 merely requires that UMPD coverage be "made available." Grange asserts that it complied with this requirement as evidenced by Section A(2) of its uninsured motorist ("UM") policy, which reads:

"A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:

" * * *

"2. Property damage caused by an accident if the declarations [page] indicates that both Bodily Injury and Property Damage Uninsured Motorists Coverages apply. * * * "

Because appellees did not pay a premium for the available UMPD coverage, Grange asserts that it is not required to provide coverage for damages sustained by appellees' vehicle.

Appellees argue that, because the purpose of uninsured motorist coverage is to prevent an injured party from incurring losses caused by an uninsured motorist, the rights and obligations under R.C. 3937.181, UMPD coverage, and R.C. 3937.18, UMBI coverage, are identical. Therefore, an insurer is required to simultaneously offer both UMPD coverage and UMBI coverage, unless the policy already includes collision coverage. Appellees further argue that, as with UMBI coverage, an insured must make a knowing and express waiver of UMPD coverage in writing, and failure to do so results in UMPD coverage being provided by operation of law.

■ This court notes at the outset that in reviewing a summary judgment, we must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

Pursuant to R.C. 3937.181, UMPD coverage must be made available with every automobile liability or motor vehicle liability policy delivered or issued in this state, unless the policy contains collision coverage. R.C. 3937.181(A) provides:

"No automobile liability or motor vehicle liability policy of insurance offering uninsured and underinsured motorist coverages under division (A) of section 3937.18 of the Revised Code shall be delivered or issued for delivery unless coverage is also made available for damage to, or the destruction of, any automobile or motor vehicle specifically identified in the policy, for the protection of those persons insured under the policy who are legally entitled to recover for the damage to or destruction of any automobile or motor vehicle specifically identified in the policy from the owner or operator of an uninsured motor vehicle." (Emphasis added.)

Prior to the enactment of R.C. 3937.181, only UMBI coverage had to be offered. R.C. 3937.18(A).

R.C. 3937.18(A) requires that UM coverage must be "provided" with every liability policy issued in this state.[1] In interpreting this statute, the Ohio

---

1. R.C. 3937.18 states in pertinent part:

"(A) No automobile liability or motor vehicle liability policy of insurance * * * shall be delivered or issued for delivery in this state * * * unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons: "(1) Uninsured motorist coverage, which * * * shall provide protection for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of

Supreme Court held that the language in R.C. 3937.18 was mandatory and, therefore, absent a knowing and express rejection, coverage was provided by operation of law. *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 165, 51 O.O.2d 229, 231, 258 N.E.2d 429, 432; *Ady v. West Am. Ins. Co.* (1982), 69 Ohio St.2d 593, 597, 23 O.O.3d 495, 497–498, 433 N.E.2d 547, 549–550. The insurance company bears the burden of showing that a customer knowingly rejected the coverage. *Id.* at 597, 23 O.O.3d at 497–498, 433 N.E.2d at 549–550; *Gyori v. Johnston Coca–Cola Bottling Group, Inc.* (1996), 76 Ohio St.3d 565, 567, 669 N.E.2d 824, 826. The court later concluded that the offer, as well as the rejection, must be in writing. *Id.* at paragraphs one and two of the syllabus.

The stated purpose of UMBI coverage is "to protect persons injured in automobile accidents from losses which, because of the tort-feasor's lack of liability coverage, would otherwise go uncompensated." *Abate, supra,* at 165, 51 O.O.2d at 231, 258 N.E.2d at 432. Relying on this principle and the case law that developed with regard to R.C. 3937.18, the trial court held that UMPD coverage is also provided by operation of law unless there is an express and knowing rejection of such coverage.

■ The purpose of statutory construction is to give effect to the legislature's intent. *Featzka v. Millcraft Paper Co.* (1980), 62 Ohio St.2d 245, 247, 16 O.O.3d 280, 281–282, 405 N.E.2d 264, 265–266. Absent clear contrary legislative intent, words in the statute are to be read in their given context and construed according to their plain and ordinary meaning. *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 137, 522 N.E.2d 477, 479–480. See, also, R.C. 1.42. The term "made available" as it applies to UM coverage is not statutorily defined. In Webster's, "available" means "accessible" or "obtainable." Merriam–Webster's Collegiate Dictionary (1996) 79, whereas "provide" means "to supply something * * *." *Id.* at 940.

■ The legislative purpose of R.C. 3937.181 was "to require insurers *to offer* property damage liability insurance as part of uninsured motorist coverage." 145 Ohio Laws, Part I, 204. Unlike R.C. 3937.18, R.C. 3937.181 does not require that coverage be "provided," only that it be "made available." Had the legislature intended identical results, identical language could have been used—it was not. Because the legislature chose different language, the statutes must require

bodily injury, sickness, or disease, including death, suffered by any person insured under the policy. * * *

"(2) Underinsured motorist coverage, which * * * shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. * * * *"

different actions by the insurance companies. The inquiry therefore becomes: how must the carrier prove that UMPD coverage was made available?

This issue is a matter of first impression in Ohio. Other legislatures have handled this issue within the statute itself. See, *e.g.*, Ill.Ann.Stat., Chapter 215, Section 143a. Illinois requires that uninsured and hit-and-run motor vehicle coverage for bodily injury or death be "provided" with every liability policy,[2] whereas UMPD coverage need only be "made available." Ill.Ann.Stat., Chapter 215, Section 143a(2).[3] Illinois does not require a written rejection of UMPD coverage. However, the insurance company must "advise applicants of the availability of uninsured motor vehicle property damage coverage, the premium therefor, and provide a brief description of the coverage." *Id.* Once the applicant or policyholder has been properly informed, "[n]o written rejection shall be required, and the absence of a premium payment for uninsured motor vehicle property damage shall constitute conclusive proof that the applicant or policyholder has elected not to accept uninsured motorist property damage coverage." *Id.*

---

**2.** Illinois' UMBI statute provides in pertinent part:

"No policy insuring against loss resulting from liability imposed by law for bodily injury or death * * * shall be renewed, delivered, or issued for delivery in this State unless coverage *is provided therein* * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. * * *" (Emphasis added.) Ill.Ann.Stat., Chapter 215, Section 143a(1).

**3.** Ill.Ann.Stat., Chapter 215, Section 143a(2), provides in pertinent part:

"(2) No policy insuring against loss resulting from liability imposed by law for property damage arising out of the ownership, maintenance, or use of a motor vehicle shall be renewed, delivered, or issued for delivery in this State with respect to any private passenger or recreational motor vehicle that is designed for use on public highways and that is either required to be registered in this State or is principally garaged in this State and is not covered by collision insurance under the provisions of such policy, unless coverage is *made available* * * *, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of property damage to the motor vehicle described in the policy.
"* * * *

"*Each insurance company providing motor vehicle property damage liability insurance shall advise applicants of the availability of uninsured motor vehicle property damage coverage, the premium therefor, and provide a brief description of the coverage.* Each insurer, with respect to the initial renewal, reinstatement, or reissuance of a policy of motor vehicle property damage liability insurance shall provide present policyholders with the same information in writing. That information need be given only once and shall not be required in any subsequent renewal, reinstatement or reissuance, substitute, amended, replacement or supplementary policy. *No written rejection shall be required, and the absence of a premium payment for uninsured motor vehicle property damage shall constitute conclusive proof that the applicant or policyholder has elected not to accept uninsured motorist property damage coverage.* * * *" (Emphasis added.)

In Ohio, an insurer is required to make UMPD coverage available. R.C. 3937.181. This court therefore finds that the insurer has the burden of showing that it offered such coverage to the insured. See *Ady, supra,* 69 Ohio St.2d at 597, 23 O.O.3d at 497–498, 433 N.E.2d at 549–550. See, also, *Gyori, supra,* 76 Ohio St.3d at 567, 669 N.E.2d at 826. A basic principle is that, in order to make a knowing decision to reject coverage, an insured has to be aware of the coverage and understand its terms. See *Ady* at 597, 23 O.O.3d at 497–498, 433 N.E.2d at 549–550. See, also, *Gyori* at 567, 669 N.E.2d at 826.

Accordingly, this court finds that the burden is on an insurer to show that it advised its insured of the availability of UMPD coverage and of the premium therefor, and provided a brief description of the coverage. Such a requirement will ensure that the insurance companies sufficiently comply with the requirement of R.C. 3937.181 that UMPD coverage be "made available." Additionally, such a requirement will ensure that the insured is provided with sufficient information with which to make a knowing decision concerning whether to purchase UMPD coverage.

UMPD coverage is not provided by operation of law because the insurer need only make such coverage "available." Therefore, in order to get UMPD coverage, an insured has to pay a premium for it. Accordingly, this court finds that once it is determined that the insurer made the coverage available, the fact that no premium was paid for the coverage is sufficient proof that the coverage was not accepted. However, failure to sufficiently advise an insured will result in UMPD coverage being provided in the amount specified in R.C. 3937.181(B).

In this case, the policy provides that property damage losses will be covered if they are included in the declarations page of the policy. However, because the law in Ohio does not require that appellees be advised in writing, there is insufficient evidence to conclude whether Grange advised appellees of the availability of UMPD coverage and of the premium therefor, and whether it provided a brief description of the coverage. Accordingly, a genuine issue of material fact exists regarding whether Grange made UMPD coverage available to appellees in the manner prescribed above. Appellant's assignment of error is well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining. The judgment of the Lucas County Court of Common Pleas granting appellees' motion for summary judgment is therefore reversed, and the cause is remanded to the trial court for a hearing and further determination regarding whether Grange made UMPD coverage available as provided by

statute and in accordance with this court's decision. Appellees are ordered to pay the costs of this appeal.

*Judgment reversed*
*and cause is remanded.*

MELVIN L. RESNICK, P.J., and HANDWORK, J., concur.