JOURNAL ENTRY AND OPINION
Plaintiff-appellant Tony Luketic ("appellant") appeals from the trial court's order granting summary judgment in favor of defendants-appellees University Circle, Inc., the Bureau of Workers' Compensation, and the Industrial Commission of Ohio (collectively "appellees"). Appellant assigns the following error for our review:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR DEFENDANTS WHERE REASONABLE MINDS COULD REACH DIFFERENT CONCLUSIONS AS TO WHETHER AN OFF-DUTY POLICE OFFICER WHO WAS INJURED WHILE ACTING TO PREVENT THE COMMISSION OF A FELONY IS ENTITLED TO PARTICIPATE IN THE WORKERS' COMPENSATION SYSTEM.
Finding appellant's assignment of error to have merit, the judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.
 I.
On December 10, 1992, Defendant-appellee University Circle, Inc. ("UCI") entered into an "authorizing agreement" with the City of Cleveland to provide supplemental police services in the University Circle area. The authority of University Circle Police Department and its officers is limited by the authorizing agreement and R.C. 1702.80. Pursuant to R.C. 1702.80(B), a UCI officer is only authorized to act as a police officer "when directly engaged in the discharge of his duties" for UCI. Moreover, the authorizing agreement limited the authority of University Circle Police Department and its officers to the University Circle area.
In 1990, UCI hired appellant as a police officer. On November 7, 1995, appellant sustained work-related injuries to his neck and back. As a result of these injuries, appellant was off work through the rest of November.
On November 30, 1995, appellant accompanied his mother to a bank located on Waterloo Road in Cleveland, Ohio; this bank was outside the University Circle area. While appellant was inside the bank, he observed an armed robbery in progress. When the gunman cocked his .38 caliber pistol and pointed the barrel at a teller, appellant jumped the gunman. After a brief struggle, the gunman shot appellant twice.
Appellant filed a claim for workers' compensation benefits which was denied throughout the administrative process based upon the finding that "* * * the claimant did not sustain an injury in the course of and arising out of his employment." On March 17, 1997, appellant filed a notice of appeal and complaint in the Cuyahoga County Court of Common Pleas challenging the administrative denial of his claim for workers' compensation benefits.
On March 16, 1998, appellees filed a joint motion for summary judgment. On May 28, 1998, the trial court granted appellees' motion for summary judgment.[1] On June 15, 1998, appellant filed the instant appeal.
 II.
In his sole assignment of error, appellant claims that the trial court erred in granting appellees' joint motion for summary judgment.
Civ.56(C) provides that summary judgment is proper only if the trial court determines that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Civ.R. 56(C). See alsoTemple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327;Stefanov v. Personal Services Ins. Co. (1998), Cuyahoga App. Nos. 73589, 73590, unreported.
R.C. 4123.01(C) defines an "injury" as "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." (Emphasis added.) In order for an injury to be compensable, both prongs of the R.C. 4123.01(C) test must be satisfied, viz., the injury must be sustained "in the course of" and "arising out of" the claimant's employment. Fisherv. Mayfield (1990), 49 Ohio St.3d 275, 277.
Pursuant to R.C. 4123.95, the workers' compensation statutes must be liberally construed in favor of the employee. As the Supreme Court of Ohio noted in Fisher, supra, the phrases "in the course of" and "arising out of" must be accorded this liberal construction in favor of awarding benefits. Id. at 278.
In Fisher, the supreme court noted that "in the course of" has to do with the time, place, and circumstances of the injury. Id.
at 277. Appellees emphasize that appellant was off duty when he was injured on November 30, 1995; in fact, appellant had been off work due to a previous work-related injury since November 7, 1995. Moreover, appellees note that appellant was outside the "geographical authority" of a UCI police officer when he was shot, and appellees stress the following circumstances: "He was not wearing a police uniform; He was not wearing his police badge; He did not drive in any marked or unmarked UCI vehicle; He did not have his gun with him; He did not have handcuffs with him; He did not have mace or OC spray; and He did not have his asp or baton."
Because appellant was injured while off duty and transacting purely personal business outside the jurisdictional authority of UCI, appellees insist that appellant was not in the course of his employment when he was shot. "Time, place, and circumstance, however, are factors used to determine whether the required nexus exists between the employment relationship and the injurious activity; they are not, in themselves, the ultimate object of a course-of-employment inquiry." Ruckman v. Cubby Drilling, Inc.
(1998), 81 Ohio St.3d 117, 120. As the Supreme Court of Ohio noted in Ruckman:
 The phrase "in the course of employment" limits compensable injuries to those sustained by an employee while performing a required duty in the employer's service. Indus. Comm. v. Gintert (1934), 128 Ohio St. 129, 133-134, 190 N.E. 400, 403. "To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer." Sebek v. Cleveland Graphite Bronze Co. (1947), 148 Ohio St. 693, 36 O.O. 282, 76 N.E.2d 892, paragraph three of the syllabus. An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business. Kohlmayer v. Keller (1970), 24 Ohio St.2d 10, 12, 53 O.O.2d 6, 7, 263 N.E.2d 231, 233.
Id. at 120.
Appellant asserts that he was injured while attempting to prevent a felony — a duty required by statute for police officers and, therefore, he was in the course of his employment. Appellant bases his assertions on R.C. 2935.03 and R.C.2921.44(A)(1).
Pursuant to R.C. 2935.03, off-duty police officers have authority to arrest and detain offenders. As appellees note, however, this authority is generally limited to within the territorial jurisdiction in which an officer is appointed.
R.C. 2921.44(A)(2) provides that a law enforcement officer is criminally liable for dereliction of duty if the officer should:
"[F]ail to prevent or halt the commission of an offense or to apprehend an offender, when it is in his power to do so alone or with available assistance." Appellee insists that the same jurisdictional limitation expressly contained in R.C. 2935.03
should also be applied to R.C. 2921.44(A)(2); however, the legislature did not include a jurisdictional limitation in R.C.2921.44(A)(2). If the legislature intended a jurisdictional limitation in R.C. 2921.44(A)(2), they could have used express language similar to that utilized in R.C. 2935.03. Cf. Murray v.Woodard (1997), 120 Ohio App.3d 180, 184.
As a matter of public policy and statutory mandate, a police officer is required to prevent an offense, in particular a violent felony, when it is in the officer's ability to do so.[2]
This is an implicit duty in the employment of all police officers throughout the state, regardless of jurisdictional limitations contained in R.C. 2935.03, R.C. 1702.80 or the authorizing agreement between UCI and Cleveland. Based upon the foregoing, we find that appellant sustained his injuries "while performing a required duty in the employer's service." Ruckman, at 120. Moreover, appellant's attempt to prevent a violent felony was "consistent with" and "logically related" to his employment as a police officer and his oath to serve and protect the public. Id.
Therefore, we find that appellant sustained his injuries in the scope of his employment.
The second prong of R.C. 4123.01(C), i.e., "arising out of", contemplates a causal connection between the employment and the injury sustained. In Lord v. Daugherty (1981), 66 Ohio St.2d 441,444, the Supreme Court found that the "arising out of" prong of the analysis must be determined from the totality of the circumstances, including: (1) proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit that the employer received from the presence of the injured employee at the scene of the accident.
Appellees note that application of the factors enunciated in Lord does not support compensation in the instant case. However, there are alternate methods of proving a causal connection and satisfying the "arising out of" prong. Ruckman, at 122. As noted by the supreme court in Ruckman, at 122:
 An employee's failure to satisfy the three enumerated factors of the Lord test, however, does not foreclose further consideration. When applying the Lord test the enumerated factors are not intended to be exhaustive and the totality-of-the-circumstances test may continue to evolve. Fisher, supra, 49 Ohio St.3d at 279, 551 N.E.2d at 1275, fn. 2. * * * "[W]orkers' compensation cases are, to a large extent, very fact specific. As such, no one test or analysis can be said to apply to each and every factual possibility." Id. at 280, 551 N.E.2d at 1276.
As discussed above, appellant had a legal and moral duty, pursuant to statutory authority and his oath as a police officer, to protect the public and attempt to prevent a violent felony. This duty placed appellant in his "zone of employment" when he was shot while intervening in the armed bank robbery, notwithstanding that appellant was off duty and outside his jurisdictional authority as a police officer. Moreover, this duty constitutes a "special hazard" to employment as a police officer, which is distinctive in nature and quantitatively greater than the risk common to the public. MTD Products, Inc. v.Robatin (1991), 61 Ohio St.3d 66, 69.
Although the "zone of employment" and "special hazard" rules have generally been used as exceptions to the "coming-and-going rule, we find that the exceptions are equally applicable to satisfy the causal connection/"arising out of" prong when an off-duty police officer is injured attempting to prevent a violent felony outside his jurisdiction.
Officer Luketic placed his life and safety on the line to prevent injury or death to others. As the trial court stated, Officer Luketic's actions were "noble and courageous." Officer Luketic's heroic deeds were also required by law and his oath as a police officer. We find the denial of workers' compensation benefits in this case to be contrary to the Workers' Compensation Act, its liberal construction, and corresponding case law; moreover, denial of benefits in this case would be repugnant to public policy.
Appellant's assignment of error is sustained. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KENNETH A. ROCCO, J. and JAMES D. SWEENEY, J. CONCUR.
 __________________________________ LEO M. SPELLACY PRESIDING JUDGE
[1] The court provided its reasoning in a typed journal entry filed on June 11, 1998, wherein the court stated:
 Defendants' 3-16-98 Joint Motion for Summary Judgment is granted in that plaintiff did not sustain an injury in the course or and arising out of his employment with University Circle, Inc. on November 30, 1995. The Civil Rule 56(C) evidence of record establishes that there are no genuine issues of material facts on this question. The Civil Rule 56(C) evidence incontrovertibly establishes that plaintiff was not on duty at the time of his injury and pursuant to the conditions and jurisdictional limits of his employment cannot be considered to have been acting within the scope of his employment when he intervened in a robbery in his bank. The court determines that neither statutory duty nor public policy, noble and courageous though plaintiff's actions were, supports a determination that plaintiff was acting within the scope or authority of his employment on 11-30-95 in light of the specific facts of this case.
[2] In recognition of this overwhelming public policy, the legislature recently amended R.C. 4123.01 to expressly cover off-duty police officers injured while intervening in extraterritorial crimes.