DECISION AND JUDGMENT ENTRY
This matter is before the court following the trial court's April 28, 1999 judgment entry which granted appellee Mark Denomy's motion for summary judgment and, following a jury trial with the remaining defendant, appellee
Bernard Watruba, the trial court's April 20, 2000 judgment entry which denied appellant's motion for judgment notwithstanding the verdict and/or new trial.
An overview of the relevant facts is as follows. In the early morning of July 27, 1997, appellant, Paul G. Frigmanski, and his friend, Anthony Plicinski, were sitting on their motorcycles in a parking lot in Toledo, Lucas County, Ohio, when they became aware that a motor vehicle in the adjacent parking lot may have had its tires slashed.
The owner of the vehicle, appellee Bernard D. Watruba, III, and his friend, Oregon Police Officer Mark Denomy, approached appellant and Plicinski and a physical altercation ensued between appellant and Watruba. During the altercation, Denomy prevented Plicinski from becoming involved.
Appellant commenced the instant action on July 10, 1998. In his complaint, appellant set forth five counts. Against appellees, appellant alleged assault, reckless or negligent infliction of injury and intentional infliction of emotional distress. Against Denomy, appellant also alleged that he breached his duty as a police officer to keep the peace. Appellant raised a claim against Watruba for battery.
Denomy filed a motion for summary judgment on March 19, 1999. Appellant filed a memorandum in opposition on April 16, 1999. In support of their respective arguments, the parties relied upon the deposition testimony of appellant and Plicinski. On April 28 1999, the trial court granted Denomy's motion.
A jury trial on the claims against Watruba commenced on January 24, 2000. During trial, testimony and evidence was presented relative to the injuries sustained and medical expenses incurred by appellant. The jury found in favor of appellant but awarded no damages.
Thereafter, appellant filed a motion for judgment notwithstanding the verdict and/or motion for new trial. On April 20, 2000, the trial court denied the motion. Appellant then commenced the instant appeal.
Appellant raises the following assignments of error:
 "I. The trial court by granting Defendant's Motion for Summary Judgment dismissing Defendant Denomy erred by failing to construe the evidence most strongly in favor of the Appellant as required by Ohio Civil Rule of Procedure 56(C).
"II. The trial court by granting Defendant's Motion for Summary Judgment dismissing Defendant Denomy erred by resolving an issue that reasonable minds could come to different conclusions upon thus failing to apply the standard of Ohio Civil Rule of Procedure 56(C).
"III. The trial court erred by failing to grant Plaintiff's Motionfor Judgment Notwithstanding the Verdict and/or New Trial erred by denying the Appellant his certain actual damages."
Appellant's first and second assignments of error contend that the trial court erred in its analysis of the evidence in light of the summary judgment standard set forth in Civ.R. 56(C). Because the alleged errors are closely aligned, we shall address them concurrently.
Appellant claims that genuine issues of fact existed as to the propriety of Denomy's actions which should have precluded the trial court from granting Denomy's summary judgment motion. In reviewing a grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted where there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
The facts before the trial court when it granted Denomy summary judgment are as follows.[1] Approximately twenty minutes after Watruba's tires had been slashed, Denomy arrived in a black Ford pickup truck. Denomy walked around Watruba's vehicle and, within five to ten minutes, he, Watruba and an unidentified man and woman approached appellant and Plicinski.
Denomy asked appellant and Plicinski to identify who cut Watruba's tires. Then, according to appellant and Plicinski, Denomy raised his voice and stated: "I want f***ing answers and I want them f***ing now." Denomy then displayed his badge and identified himself as a police officer. At that point, appellant took a step and leaned forward to get a closer look at the badge and Denomy jumped back. A fight then broke out between Watruba and appellant.
Plicinski stated that he tried, several times, to break up the fight but that Denomy placed his hand on Plicinski's chest to prevent his involvement. Plicinski testified during his deposition that Denomy repeatedly warned him not to get involved or he could go to jail.
Appellant first argues that the trial court did not favorably construe facts which could show that Denomy aided and abetted Watruba's assault and battery. Upon review of the relevant statutory and case law, we find appellant's argument unpersuasive. As cited by appellant, 6 Ohio Jurisprudence 3d (1996) 19, Assault-Civil Aspects, Section 18, states:
 "[A] person who is present at the commission of an assault or an assault and battery and who encourages or incites it by words, gestures, looks, or signs, or who in any way or by any means actually countenances or approves an assault and battery is deemed an aider and abetter and also may be held civilly liable * * *."
Construing the evidence in a light most favorable to appellant, there simply are no facts which would support liability based upon aiding and abetting. Denomy did not, in any way, express approval of or encourage the altercation. The fact that he prevented Plicinski from "breaking up" the fight is certainly not dispositive.
Appellant also claims that Denomy acted in dereliction of his duty as a police officer when he failed to stop the fight. He cites R.C. 2921.44(A)(2) which provides:
 "(A) No law enforcement officer shall negligently do any of the following:
"* * *
"(2) Fail to prevent or halt the commission of an offense or to apprehend an offender, when it is in his power to do so alone or with available assistance."
The trial court determined that the above statute was inapplicable because Denomy was outside of his jurisdiction at the time of the incident. While we are not necessarily convinced that the statute has a jurisdictional limitation, see Luketic v. Univ. Circle, Inc. (1999),134 Ohio App.3d 217, we find that under the particular facts of the instant case, reasonable minds could only conclude that Denomy took the only appropriate course of conduct in a potentially explosive situation.
Further, because we find that Denomy did not aid or abet the assault and battery, we find that reasonable minds could only conclude that Denomy did not negligently or intentionally inflict injury upon appellant (as alleged in Count 3 of his complaint); he also did not intentionally inflict emotional distress (Count 5 of appellant's complaint). Accordingly, appellant's first and second assignments of error are not well-taken.
In appellant's third and final assignment of error, he contends that the trial court erroneously denied his motion for judgment notwithstanding the verdict ("JNOV") and/or motion for a new trial which disputed the validity of the jury's verdict finding in favor of the plaintiff but awarding no monetary damages.
In support of his argument that appellant was entitled to judgment notwithstanding the verdict or a new trial, he contends that the weight of the evidence supported an award of damages in the amount of $12,703.19.
The Supreme Court of Ohio has stated:
 "The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence not the credibility of witnesses is for the court's determination in ruling upon either of the above motions." (Citations omitted.) Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271, 275.
A motion for new trial is governed by Civ.R. 59. It appears that appellant's motion was based on Civ.R. 59(A)(4), which provides that a trial court may grant a new trial based upon excessive or inadequate damages. The motion was also based upon Civ.R. 59(A)(6), which allows a new trial where the judgment was not sustained by the weight of the evidence. The determination of whether or not to grant a new trial is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Pena v. Northeast Ohio EmergencyAffiliates, Inc. (1995), 108 Ohio App.3d 96, 103, citing Verbon v.Pennese (1982), 7 Ohio App.3d 182, 184.
Also relevant to the instant case, we note that the assessment of damages is generally within the purview of the jury. Moskovitz v. Mt.Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 655; Weidner v. Blazic
(1994), 98 Ohio App.3d 321, 334. Such assessment will not be disturbed absent an affirmative showing of passion or prejudice. Moskovitz at 655. Passion or prejudice is shown where the jury's assessment of damages is so overwhelmingly disproportionate as to shock reasonable sensibilities. (Citations omitted.) Pena at 104. "The mere size of the verdict is insufficient to establish proof of passion or prejudice." (Citations omitted.) Id.
During trial, evidence was presented as to the medical expenses incurred by appellant. Videotape depositions of Dr. Surendra Kumar, appellant's family physician, and Dr. Mary D. Morgillo, appellant's psychologist, were presented. There was also evidence introduced that appellant suffered an injury to his lower back in 1984, and had been receiving social security disability benefits since that date. Watruba testified that he believed that, pursuant to a municipal court order, he paid appellant's emergency bill.
After careful review of the trial transcript and videotape depositions (ever mindful of the jurors' role as assessors of the credibility of witnesses), we find that the jury could have reasonably determined that appellant's injuries pre-dated the incident and that appellant was adequately compensated for his injuries via the municipal court order. Thus, we find that the trial court did not abuse its discretion when it denied appellant's JNOV and/or new trial motion. Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, we find that substantial justice has been done the party complaining, and that the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Melvin L. Resnick, J., Richard W. Knepper, J. CONCUR.
 ____________________________ Mark L. Pietrykowski, P.J.
JUDGE
[1] Denomy, in his answer brief, cites to his own deposition. Denomy's deposition is neither part of the record, nor was before the trial court when it granted summary judgment and, accordingly, was not part of our review.