OPINION
Defendant-appellant, Bonita ("Bonnie") Rase, appeals the trial court's order granting summary judgment in favor of plaintiff-appellee, Safe Auto Insurance Company, on its complaint for declaratory judgment. We affirm the court's ruling.
On March 31, 1998, Bonnie purchased automobile insurance from Safe Auto. The policy included comprehensive and collision coverage for her 1994 Pontiac Grand Prix automobile. Bonnie's insurance policy application contained a section providing for driver exclusion, which recited the following language:
 I UNDERSTAND AND AGREE THAT NO COVERAGE IS AFFORDED UNDER ANY SECTION OF THIS POLICY IF THE INSURED VEHICLE(S) IS BEING OPERATED BY ANY OF THE EXCLUDED DRIVERS LISTED BELOW[.]
In that section, Bonnie specifically listed her brother, John L. Rase, as an excluded driver. Bonnie read the policy application before signing it.
The insurance policy itself contained the following provision applying to excluded drivers:
LOSSES NOT COVERED
 PHYSICAL DAMAGE COVERAGE DOES NOT APPLY TO:
 A loss that occurs while your covered auto is being operated by a person that is listed as an excluded driver on your Declarations Page. Bonnie reviewed both the policy and the policy's declarations page, which listed John as an excluded driver. The policy was to remain in force until September 30, 1998.
On April 11, 1998, John took Bonnie's Grand Prix without her permission. As he drove the car, he fell asleep at the wheel and ran off the side of the road into a ditch. The accident resulted in damage to the car. Safe Auto investigated the claims Bonnie submitted for property damage coverage and coverage under the uninsured motorist portion of the policy. After an investigation, Safe Auto denied coverage since the policy provided that property damage was not covered when the vehicle was being operated by an excluded driver, and John, an excluded driver under the policy, had been driving the Grand Prix at the time of the accident.
Later, Safe Auto filed a complaint for declaratory judgment against Bonnie[1] asking the trial court to determine that the insurance policy did not provide property damage coverage for the accident. Bonnie filed an answer, and a counterclaim in which she alleged that Safe Auto had breached the terms of the policy by failing to provide property damage coverage for the Grand Prix. She also requested attorney fees.
Safe Auto filed a motion for summary judgment. In the motion, Safe Auto claimed that no genuine issue of material fact existed regarding Bonnie's coverage because the policy clearly and unambiguously excluded damage done by an excluded driver. Safe Auto also argued that it had not been required, as a matter of law, to offer Bonnie uninsured motorist property damage ("UMPD") coverage because she bought comprehensive and collision coverage for the Grand Prix. Finally, Safe Auto claimed Bonnie could not recover attorney fees.
The trial court granted Safe Auto's motion for summary judgment in its entirety. Bonnie now challenges the trial court's grant of summary judgment. We review a trial court's grant of a motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Summary judgment is proper when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87.
Although Bonnie frames her challenge in a single assignment of error that is divided into three issues, we address each issue as a separate assignment of error.
Assignment of Error No. 1:
 Whether the trial court erred in finding that Appellant Bonnie Rase's claim was not covered under full collision or comprehensive coverage which she purchased when the "excluded driver" exclusion was ambiguous?
Bonnie first claims that Safe Auto's policy language denying coverage to an excluded driver is ambiguous because it does not specifically state which party does not have coverage. Safe Auto improperly denied her claim, she argues, since she paid the premium to cover property damage done to the Grand Prix, and it should not matter who drove the car. Safe Auto counters by arguing that the policy language specifically and unambiguously denies coverage where damage is done by an excluded driver.
Initially, there is no factual dispute that Bonnie listed John as an excluded driver under the policy. An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741. Here, Bonnie acknowledged that she filled out the application, listing John as an excluded driver. Bonnie also stated that she read both the insurance policy and the declarations page, which listed John as an excluded driver. Reasonable minds could only find that Bonnie had specifically excluded John from the policy's coverage. The issue then becomes the policy's coverage.
In reviewing the issue of coverage under a policy, insurance policies are generally interpreted in accordance with the same rules as other types of contracts. Hybud Equip. Corp. v. Sphere Drake Ins. Co. (1992),64 Ohio St.3d 657, 665. The court must give words and phrases their natural and commonly accepted meanings when reviewing an insurance policy. Id. The test for determining whether language in an insurance policy is ambiguous is whether the language is "reasonably susceptible of more than one interpretation[.]" King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, syllabus.
A court cannot resort to construction of the language used in an insurance policy where the plain and ordinary meaning of that language is clear and unambiguous unless there is something in the contract that would indicate a contrary intention. Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414, 418; Olmstead v. Lumbermens Mut. Ins. Co. (1970), 22 Ohio St.2d 212, 216. If the terms of the insurance policy are clear and unambiguous, the interpretation of the policy is a matter of law. CSS Publishing Co., Inc. v. American Economy Ins. Co. (2000),138 Ohio App.3d 76, 83, citing Inland Refuse Transfer Co. v.Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322.
After reviewing the insurance policy, we find no ambiguity in its language defining coverage. The policy application provides that "NO COVERAGE IS AFFORDED UNDER ANY SECTION OF THIS POLICY IF THE INSURED VEHICLE(S) IS BEING OPERATED BY ANY OF THE EXCLUDED DRIVERS LISTED BELOW[.]" The policy language also clearly and unambiguously states that Safe Auto will not cover physical damage caused by an excluded driver. As a matter of law, the policy's terms clearly and unambiguously state that it will not cover physical damage caused by an excluded driver. SeeCarpenter v. GRE Ins. Group (Oct. 15, 1998), 1998 WL 753166, *3, Richland App. No. 98CA30, unreported.
Given this language, Bonnie could not have reasonably believed that damage to the Grand Prix would be covered regardless of who drove the car. Indeed, Bonnie stated that she read the application and the policy, as well as the declarations page. We cannot stretch the policy's coverage; the policy's language still clearly precludes coverage for physical damage done by John, an excluded driver.
The trial court correctly concluded that summary judgment was appropriate.
Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 Whether the trial court erred in finding that UMPD coverage was made available to Appellant Bonnie Rase, even though it was never actually offered as shown by the application for insurance?
Bonnie also claims that, since Safe Auto did not offer her UMPD coverage, she is entitled to UMPD coverage by operation of law pursuant to R.C. 3937.181. Safe Auto responds that it was not required to offer Bonnie UMPD coverage for her Grand Prix because she bought comprehensive and collision coverage for her car. Consequently, it argues, Bonnie is not entitled to UMPD coverage by operation of law, and even if she had been, the Grand Prix would not be covered by UMPD.
The current version of R.C. 3937.181(C) reads:
 (C) If an insured has a policy containing collision coverage covering damages caused by an uninsured automobile or motor vehicle, the insured's insurer need not make coverage available under this section.
Pursuant to this statute, UMPD coverage must be made available with every automobile liability or motor vehicle liability policy delivered or issued in this state, unless the policy contains collision coverage.Murray v. Woodard (1997), 120 Ohio App.3d 180, 183.
The insurance policy Bonnie bought from Safe Auto contained both collision and comprehensive coverage for the Grand Prix. Under R.C.3937.181(C), Safe Auto was not required to make UMPD coverage available to Bonnie. UMPD coverage could not take effect by operation of law because Safe Auto was not required to offer the coverage.
There is no genuine issue of material fact, and the trial court properly granted summary judgment on this issue. Bonnie's second assignment of error is overruled.
Assignment of Error No. 3:
 Whether the trial court erred in finding that O.R.C. 2721.16 was applicable to this case[,] which precluded Appellant from recovering attorney's fees?
Bonnie claims that she is entitled to attorney fees because Safe Auto's initiation of this action was an egregious use of its power. Safe Auto responds that the trial court correctly found that R.C. 2721.16 applies to preclude Bonnie from collecting attorney fees.
R.C. 2721.16(A), which was enacted on September 24, 1999, substantially limits the availability of attorney fees in declaratory judgment actions. It states:
 A court of record shall not award attorney's fees to any party on a claim for declaratory relief under this chapter unless a section of the Revised Code explicitly authorizes a court of record to award attorney's fees on a claim for declaratory relief under this chapter or unless an award of attorney's fees is authorized by section 2323.51[2] of the Revised Code, by the Civil Rules, or by an award of punitive or exemplary damages against the party ordered to pay attorney's fees.
R.C. 2721.16(A) applies in an action or proceeding for declaratory relief where the action was commenced on or after the effective date of the section or where the action was commenced prior to the effective date of the section but remained pending in a court of record on that date. R.C.2721.16(B)(1) and (2).
The express purpose of R.C. 2721.16 was to supersede the effect of holdings in cases that permitted the awarding of attorney fees in declaratory judgment actions under uninsured motorist policies. Horstmanv. Cincinnati Ins. Co. (Nov. 17, 2000), 2000 WL 1720139, *4 — 5, Montgomery App. No. 18430, unreported, citing Motorists Mut. Ins. Co. v.Brandenburg (1995), 72 Ohio St.3d 157. In effect, the purpose of R.C.2721.16 was to eliminate the trial court's discretionary powers in awarding attorney fees. Horstman, 2000 WL 1720139 at *4 — 5.
Safe Auto commenced its claim for declaratory judgment on June 4, 1998. The case was pending in the trial court until summary judgment was rendered on November 24, 2000. The case was pending when R.C. 2721.16
took effect on September 24, 1999. Pursuant to R.C. 2721.16(B)(2), the statute applies to limit an award of attorney fees to any party on a claim for declaratory relief.
There is no genuine issue of material fact. R.C. 2721.16(A) precludes Bonnie from recovering attorney fees, and Bonnie does not claim that she is subject to any of the exceptions within the statute. The trial court properly granted summary judgment on Bonnie's claim for attorney fees. Her third assignment of error is overruled.
Judgment affirmed.
 __________________________ VALEN, P.J.
WALSH and KERNS, JJ., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] Safe Auto amended its complaint for declaratory judgment to include John Rase and National Bank Trust Co. as defendants. Safe Auto later voluntarily dismissed the actions against both defendants, and neither is a party to this appeal.
[2] Since Am.Sub.H.B. 350 has been declared unconstitutional, this reference to R.C. 2323.51 refers to the prior version of the statute, in effect as of January 5, 1987. Ohio Civil Rights Comm. v. GMS ManagementCo., Inc. (June 28, 2000), 2000 WL 840495, at *2, n. 1, Summit App. No. 19814, unreported.