KNOX, Appellee,

v.

**OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellants.**

[Cite as *Knox v. Ohio Bur. of Workers' Comp.* (1998), 125 Ohio App.3d 313.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 97CA00288.

Decided March 9, 1998.

*James C. Ayers,* for appellee.

*Betty D. Montgomery*, Attorney General, and *David J. Kovach*, Assistant Attorney General, for appellants.

---

GWIN, Presiding Judge.

Defendants, Administrator of the Ohio Bureau of Workers' Compensation and the Industrial Commission of Ohio, appeal a judgment of the Court of Common Pleas of Stark County, Ohio, entered on a jury verdict finding that plaintiff Douglass Knox II was entitled to participate in workers' compensation benefits because he sustained injuries to his back, knee, and wrist, and aggravation of a pre-existing condition while in the course of his employment. Appellant assigns three errors to the trial court:

## ASSIGNMENTS OF ERROR

"I.   The trial court committed reversible error when it denied the administrator and Industrial Commission's motion for directed verdict.

"II.   The trial court committed reversible error when it denied the administrator and Industrial Commission's motion for judgment notwithstanding the verdict.

"III.   The trial court committed reversible error when it gave the jury an instruction on the special hazard rule."

The record indicates that appellee is an Assistant Ohio Auditor who lives in Barnesville, Ohio, and whose office is in St. Clairsville, Ohio. Appellee has multiple sclerosis and uses a three-wheeled motorized scooter. The State Auditor's Office required him to attend a seminar on new auditing techniques either at Stark State College of Technology in North Canton, Stark County, Ohio, or Ohio University in Athens, Ohio. Appellee opted to attend Stark State College and traveled from his home to North Canton on December 18, 1995. With him was his wife, Donna Knox, and their two small children. Donna generally travels with appellant to assist him physically and, because the seminar was to last the entire week, the parties also took their children. The Knox family checked into the Sheraton Hotel, which was the closest hotel to the Stark State College campus and an Auditor-approved hotel. Sheraton Hotel provided a transfer seat for appellee to use in bathing but the seat was not of the type appellee uses in his home. Appellee alleged that the shape and style of the transfer seat did not provide for good drainage and did not hold the shower curtain inside the bathtub. As a result, water flowed onto the bathroom tile floor when appellee used the shower. Appellee concedes that he used the seat without incident on four days.

The seminar ended at approximately 4:00 p.m. on December 22, 1995, and appellee was prepared to leave Stark State College by 5:00 p.m. On the way to the seminar on December 18, the Knox family had encountered icy and snowy conditions, and their van had slid on a slippery incline near Stark State College. The total accumulation from the week amounted to ten inches on the ground on December 22, 1995. As the appellee and his wife prepared to leave Stark State College, they were informed by two different persons that more bad weather was expected and, in fact, snow was falling. Because of appellee's handicapped condition and the presence of the children, appellee determined that it would not be safe to attempt to return to Barnesville, Ohio, on that evening. Donna Knox attempted to contact appellee's regional manager, but neither of the two telephone numbers got an answer. At that point, the Knox family checked back into the Sheraton. That evening, as appellee attempted to transfer from the tub to his scooter, he slipped on the wet floor and fell backward onto the bathroom tile. It is undisputed that appellee suffered as a result of the fall a laceration of his back, contusion of his right knee, a sprain of his left wrist, and aggravation of his pre-existing multiple sclerosis. The Auditor's Office did not reimburse the appellee for the overnight stay on December 22 because state policy prohibits payment for someone to stay overnight on a Friday.

Originally, appellee's workers' compensation claim was denied, and he appealed that ruling to the common pleas court pursuant to R.C. 4123.512. In response to jury interrogatories, the jury found that appellee was in the course of his employment as an Assistant Auditor for the state of Ohio when he fell in the bathroom and also found that the injuries appellee suffered arose out of his employment.

## I and II

Civ.R. 50 states in part:

"(A)(4) *When granted on the evidence.* When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and directed a verdict for the moving party as to that issue.

"(B) Motion for judgment notwithstanding the verdict.

"Whether or not a motion to direct a verdict has been made or overruled and not later than fourteen days after entry of judgment, a party may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion; or if a verdict was not returned such

party, within fourteen days after the jury has been discharged, may move for judgment in accordance with his motion. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment. If the judgment is reopened, the court shall either order a new trial or direct the entry of judgment, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence. If no verdict was returned the court may direct the entry of judgment or may order a new trial."

In *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 74 O.O.2d 427, 344 N.E.2d 334, the Ohio Supreme Court held that the same standard applies to a motion for judgment notwithstanding the verdict as it does for a motion for directed verdict. If, in construing the evidence most strongly in favor of the nonmoving parties reasonable minds could come to different conclusions, then the motion must be denied. The court does not weigh the evidence or the credibility of the witnesses. Appellants argue that the facts of this case are undisputed and warrant the court to enter a directed verdict, or a judgment notwithstanding the verdict, because as a matter of law appellee's injuries were not sustained in the course of, and did not arise out of, his employment.

Both parties cite *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271, which sets forth the explanation of "arising out of" and "in the course of." In *Fisher*, the Supreme Court noted "in the course of" has to do with the time, place, and circumstances of the injury, while "arising out of" contemplates a causal connection between the employment and the injury sustained. In *Fisher*, the Supreme Court reminded us that workers' compensation statutes must be liberally construed in favor of the employee. See R.C. 4123.95. Thus, the phrase "in the course of" and "arising out of" must be liberally construed in favor of awarding benefits. *Id.* In *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, the Supreme Court found that the "arising out of" prong of the analysis must be determined from the totality of the circumstances, including proximity of the scene of the accident to the place of employment, the degree of control the employer had over the scene of the accident, and the benefit that the employer received from the presence of the injured employee at the scene of the accident.

Appellants argue that appellee's injuries were not incurred while he was doing an act incidental to or reasonably within the course of his employment and duties, but rather were sustained more than three hours after the seminar had concluded. Appellants argue that appellee unilaterally decided to re-register at the Sheraton Hotel. Appellants argue that appellee's injuries actually were the

result of the inadequate transfer seat supplied by the Sheraton Hotel, of which the State Auditor had no knowledge.

As appellee points out, in *Kohlmayer v. Keller* (1970), 24 Ohio St.2d 10, 53 O.O.2d 6, 263 N.E.2d 231, the Supreme Court found that an employee may be entitled to compensation for injuries that were incurred when the employee was not engaged in the actual performance of work for his employer. Rather, it suffices if the employee is engaged in a undertaking consistent with his contract for hire and which in some logical manner pertains to or is incidental to his employment.

Our review of this record leads us to conclude that reasonable minds could come to different conclusions on the evidence submitted at trial.

The fact that appellee did not secure the consent of his supervisor prior to re-registering at the Sheraton Hotel is not fatal to appellee's claim because the evidence was uncontroverted that his wife attempted unsuccessfully to contact a supervisor at two separate phone numbers given to them.

We find that the trial court did not err in determining that the question presented was one for the jury, rather than one resolvable as a matter of law by the trial court. Accordingly, the court did not err in submitting the matter to the jury and did not err in overruling the motion for judgment notwithstanding the verdict.

The first and second assignments of error are overruled.

## III

The trial court instructed the jury on the "special hazard rule." Under the rule, an employee is entitled to workers' compensation benefits when his employment creates a special hazard and his injuries are sustained because of that hazard. The rule is an exception to the general rule that an employee with a fixed place of employment, injured while traveling to or from his place of employment, may not participate in the Workers' Compensation Fund. See *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661, 663–664. The special hazard rule applies where, but for the employment, the employee would not have been at the location where the injury occurred, and where the risk of injury is distinctive in nature and quantitatively greater than the risk of the general public. *Id.*

As appellee points out, appellants do not argue that the instruction was not a correct statement of law, nor do they argue that the instruction was confusing. For this reason, the instruction is not reversible error unless it was an abuse of discretion to give the instruction. Our standard of reviewing a claim

that giving a jury instruction constituted prejudicial error is to determine whether the instruction may have resulted in a manifest miscarriage of justice. See *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

Appellee argues that the special hazard rule applies here because appellee attended the seminar at the direction of his employer. Appellee was in transit at the time he left the seminar and made a reasonable decision to go to the Sheraton Hotel on the night of December 22, 1995, rather than returning all the way to Barnesville, Ohio. Appellee argues that the hazard of travel for appellee was far greater than that of the public at large and, in fact, an otherwise minor roadway mishap could have dire consequences for a person with his disability. Appellee's employer was aware of this disability and understood that the hazard of travel was far greater for this employee than for the general public. The court found that there was some evidence in the record from which the jury could determine that the special hazard rule applied.

Appellee also points out that the jury's determination of the special hazard exception was not tested by interrogatory.

We find that the trial court did not abuse its discretion when it decided to give the jury the special hazard exception under the facts and circumstances of this case.

The third assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

*Judgment affirmed.*

WILLIAM B. HOFFMAN and READER, JJ., concur.