OPINION
{¶ 1} Appellant, OSI Sealants, Inc., appeals from a judgment of the Lake County Court of Common Pleas, denying its motion for summary judgment against appellee, Wausau Underwriters Insurance Company, and dismissing the matter as moot, based on the court's judgment in a companion case. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On September 24, 2001, Mark and Courtney Zappola ("Mr. Zappola" and "Mrs. Zappola," respectively) filed a complaint against appellant. Mr. Zappola put forth an intentional tort claim, based upon an injury he sustained on February 16, 2001, during the workday and at the place of his employment with appellant. Based upon her husband's injury, Mrs. Zappola filed a derivative claim for loss of consortium.
 {¶ 3} Appellant put appellee on notice of the complaint and requested appellee to defend appellant according to the terms of its policy. On February 21, 2001, appellee denied appellant's claim for coverage. Thereafter, appellant filed suit against appellee requesting, inter alia, a declaratory judgment that the "Employers Liability Insurance Policy," issued by appellee to appellant, provided defense coverage for the Zappolas' complaint. Appellee answered.
 {¶ 4} The relevant portion of the policy states, "[t]he damages we will pay, where recovery is permitted by law, include damages:
 {¶ 5} "* * *
 {¶ 6} "2. For the care and loss of services * * *
 {¶ 7} "* * *
 {¶ 8} "Provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you."
 {¶ 9} Further, an endorsement to this policy puts forth additional exclusions, including language that indicates "[t]he insurance afforded by this endorsement does not apply to bodily injury[:]
 {¶ 10} "1. Intentionally caused or aggravated by you or resulting from an act which is determined to have been committed by you with the belief that an injury is substantially certain to occur * * *."
 {¶ 11} On April 29, 2003, appellant moved for summary judgment, arguing that appellee was required to defend on the Zappolas' complaint. Therefore, appellant also argued that appellee was required to reimburse appellant for attorney fees and costs incurred while appellant itself defended the complaint. Appellee filed a brief in opposition.
 {¶ 12} Meanwhile, in the underlying case, appellant moved for summary judgment against the Zappolas on July 10, 2003. The Zappolas filed a brief in opposition.
 {¶ 13} The trial court issued two judgment entries on September 30, 2003. First, in the underlying matter, the trial court granted summary judgment to appellant. In the instant matter, the trial court granted summary judgment to appellee, and, based upon its judgment in the underlying matter, dismissed the instant matter as moot.
 {¶ 14} From this judgment, appellant timely appeals and sets forth the following assignment of error for our consideration:
 {¶ 15} "[1.] The trial court erred in denying plaintiff-appellant's motion for summary judgment * * * and dismissing its action seeking a declaratory judgment that defendant appellee has a duty to provide plaintiff-appellant with insurance defense coverage for a complaint containing a claim that is covered by the parties' insurance contract."
 {¶ 16} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389;Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
 {¶ 17} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 18} A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the reciprocal burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. Id. However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
 {¶ 19} We review the interpretation of contracts de novo. NationwideMut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108,1995-Ohio-214. We must give the language of an insurance policy its plain and ordinary meaning. Dairyland Ins. Co. v. Finch (1987),32 Ohio St.3d 360, 362. We cannot create ambiguity where there is none; a policy must be resolved in favor of the insured only when a provision in a policy is ambiguous and susceptible to more than one reasonable interpretation. Hacker v. State Auto Ins. Cos. (1996), 75 Ohio St.3d 118,119, 1996-Ohio-98. As such, although this appeal involves a summary judgment proceeding and our standard of review is de novo, we must give some deference to the trial court's findings of fact.
 {¶ 20} "When an insurer has a duty to defend one claim asserted against an insured in a lawsuit, it must defend the entire lawsuit, even though other claims may not come within the coverage of the policy."Holloway Sportswear, Inc. v. Transp. Ins. Co. (S.D.Ohio 2001),177 F.Supp.2d 764, affirmed by (C.A.6 2003), 2003 U.S. App. LEXIS 2941. See, also, Preferred Mut. Ins. Co. v. Thompson (1986),23 Ohio St.3d at 80.
 {¶ 21} Appellant has conceded that the policy language excludes coverage for substantial certainty intentional torts of the type alleged by Mr. Zappola in the complaint. See, e.g., Penn Traffic Co. v. AIU Ins.Co., 99 Ohio St.3d 227, 2003-Ohio-3373. However, appellee has conceded that, if it has a duty to defend Mrs. Zappola's derivative claim for loss of consortium, it must defend the entire complaint. It follows that the issue is presented, i.e., whether Mrs. Zappola's derivative claim for loss of consortium is covered by the policy, thus triggering appellee's duty to defend the entire complaint. If appellee has a duty to defend the complaint, then it must reimburse appellant for its attorney fees incurred when defending the suit. Socony-Vacuum Oil Co. v. ContinentalCas. Co. (1945), 144 Ohio St. 382, at syllabus.
 {¶ 22} The policy language clearly indicates that appellee will pay damages for loss of consortium "[p]rovided that these damages are the direct consequence of bodily injury that arises out of and in the courseof the injured employee's employment by you." (Emphasis added.) As such, the narrow issue in this matter is whether Mr. Zappola's injury occurred while he was in the course of employment.
 {¶ 23} The parties do not dispute that the injury occurred during Mr. Zappola's workday and at his workplace. However, the phrase "in the course of employment" limits compensable injuries to those sustained by an employee while performing a required duty in the employer's service.Indus. Comm. v. Gintert (1934), 128 Ohio St. 129, 133-134. This means that a workman must be injured while he engages in an activity that is consistent with the contract for hire and logically related to the employer's business. Kohlmayer v. Keller (1970), 24 Ohio St.2d 10, 12. See, also, Ruckman v. Cubby Drilling, 81 Ohio St.3d 117, 1998-Ohio-445.
 {¶ 24} In the underlying matter, the trial court granted summary judgment to appellant, concluding that there existed no genuine issue of material fact that Mr. Zappola could not succeed on his claim for an intentional tort. Mr. Zappola appealed that judgment, in the companion case to this matter. In that appeal, we held that there existed no genuine issue of material fact that Mr. Zappola was not injured in the manner he alleged and that he could not satisfy the test to establish an intentional tort, as set forth in Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115. We then determined that summary judgment was properly granted to appellant in that matter.
 {¶ 25} Following this logic, and based on the relevant policy language, there exists no genuine issue of material fact that appellee had no duty to defend on Mrs. Zappola's loss of consortium claim, or on the entire complaint. Therefore, appellee therefore is not required to reimburse appellant for the attorney fees incurred when appellant defended the Zappolas' complaint. Summary judgment in this matter was proper.
 {¶ 26} Appellant's sole assignment of error is without merit, and we hereby affirm the judgment of the trial court.
Ford, P.J., Grendell, J., concur.