OPINION
{¶ 1} Plaintiffs-appellants Barbara J. Enders, et al. appeal the September 12, 2005 Decision and Entry entered by the Delaware County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Bell-Haun Systems, Inc.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 9, 2002, appellant Barbara Enders sustained personal injury when the vehicle she was driving was struck by a vehicle driven by Kevin Keathley. It is undisputed the accident was caused by Keathley, who was driving with a serum blood alcohol count more than twice the legal limit. At the time of the accident, Keathley was employed by Bell-Haun as a general manager. On the day of the accident, Keathley had attended a company picnic at the Bell-Haun facility. Bell-Haun provided food and beverages, including beer, free of charge, to its employees, their families and friends. Attendance at the picnic was completely voluntary, and no business was conducted during the event.
 {¶ 3} When the picnic concluded, Keathley assisted Michael Haun and others in the cleanup of the premises. Members of the cleanup crew decided to meet at Larry B's, a local bar. Keathley stayed at the bar for a short time, and did not have anything to drink. After leaving the bar, Keathley returned to his office at the Bell-Haun facility and read emails for approximately fifteen to twenty minutes. Afterwards, Keathley left his office and proceeded home. During the drive, Keathley ran a flashing red light and collided with the vehicle driven by Barbara Enders.
 {¶ 4} Appellants filed a Complaint in the Franklin County Court of Common Pleas on December 19, 2003. Based upon an agreed judgment entry and joint motion to transfer venue, the Franklin County Court of Common Pleas transferred the matter to the Delaware County Court of Common Pleas on August 12, 2004. On February 2, 2005, the trial court consolidated the cases involving the tortfeasor and the employer into one action.
 {¶ 5} Following discovery, Bell-Haun filed a Motion to Dismiss Plaintiff's Complaint pursuant to Civ.R. 12(B) (6) or, alternatively, a Motion for Summary Judgment. Appellants filed a memorandum in opposition thereto. Bell-Haun filed a timely reply brief. Via Decision and Entry filed September 12, 2005, the trial court granted summary judgment in favor of Bell-Haun. The trial court found Bell-Haun was a social host and Keith Keathley was a social guest; therefore, Bell-Haun was not liable for injuries to Barbara Enders caused by Keathley's negligence. With respect to appellants' argument Bell-Haun should be liable on the basis of respondeat superior, the trial court found the doctrine was inapplicable as Keathley's tortious conduct occurred while he was driving his own vehicle on his way home.[1]
 {¶ 6} It is from this decision and entry appellants appeal, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED, IN ITS DECISION AND ENTRY FILED SEPTEMBER 12, 2005, AS A MATTER OF LAW, IN FAILING TO FIND, OR EVEN ADDRESS APPELLANT'S ARGUMENT, THAT APPELLEE ASSUMED A DUTY TO ACT "WITH THE EXERCISE OF DUE CARE UNDER THE CIRCUMSTANCES," WHEN IT VOLUNTARILY INSTITUTED A COMPANY POLICY AND PROCEDURE WHICH SPECIFICALLY ADDRESSED DRINKING AND DRIVING BY ITS EMPLOYEES, AND WHERE THE COMPANY FAILED TO PREVENT A NOTICEABLY INTOXICATED EMPLOYEE FROM GETTING BEHIND THE WHEEL.
 {¶ 8} "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN ITS DECISION AND ENTRY FILED SEPTEMBER 12, 2005, IN FAILING TO FIND APPELLEE BELL HAUN SYSTEMS, INC. LIABLE UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR.
 {¶ 9} "III. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN ITS DECISION AND ENTRY FILED SEPTEMBER 12, 2005, WHEN IT FOUND THAT APPELLEE BELL-HAUN SYSTEMS, INC. WAS NOT LIABLE AS A SOCIAL-HOST UNDER THE OHIO SUPREME COURT RULING IN SETTLEMYER V. WILMINGTONVETERAN'S POST NO. 49 (1984), 11 OHIO ST. 3d 123."
 Summary Judgment Standard {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 11} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 12} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280. It is based upon this standard we review appellants' assignments of error.
 I {¶ 13} In their first assignment of error, appellants submit Bell-Haun's inclusion of an Emergency Taxi Fare Provision in its Associate Handbook was a voluntary act, gratuitously undertaken, which required Bell-Haun to completely perform with the exercise of due care.
 {¶ 14} The Associate Handbook provides as follows:
 {¶ 15} "5.6 Emergency Taxi Fare
 {¶ 16} As we all know, driving under the influence of a controlled substance can be devastating as well as deadly.
{¶ 17} If you must drink, please don't drive: and to encourage this, Bell-Haun provides emergency taxi fare for all associates, full and part-time, to arrive safely at their destination. Each associate has a $25.00 per year limit for emergency taxi fare. You must present a receipt for payment."
 {¶ 18} We find this provision does not create a duty on the part of Bell-Haun to ensure its employees do not drink and drive, or a duty to prevent its employees from drinking and driving. Rather, the provision encourages employees not to drink and drive and, by reimbursing taxi fare, the employees have an incentive not to do so.
 {¶ 19} Appellants refer to the deposition testimony of Thomas Bell, Michael Haun, and Kevin Keathley in support of their position Bell-Haun undertook such a duty. During Bell's deposition, he testified if he had observed Keathley in a visibly and noticeably intoxicated state, he would not have allowed Keathley to drive, and would have found an alternative means of transportation home for Keathley. Appellants also point to evidence of a prior company picnic during which Michael Haun took an employee's keys because he (Haun) did not feel comfortable with the employee being on the road. Keathley also testified Michael Haun's wife asked him to spend the night at the Haun residence after Keathley became intoxicated at a Christmas party. We find the personal expression of the owners as to what they would do in a certain situation does not create or impose a duty on the company unless the company gratuitously undertook such duty, during the incident at issue, which it did not in the instant action.
 {¶ 20} Appellants' first assignment of error is overruled.
 II {¶ 21} In their second assignment of error, appellants contend Bell-Haun was liable for Keathley's negligence under the common law doctrine of respondeat superior.
 {¶ 22} Under the doctrine of respondeat superior, an employer is liable for an employee's negligence where the work performed is that of the master and the servant is subject to the control of the master in performing the work. Boch v. New York LifeInsurance Company (1964), 175 Ohio St. 458. "Conduct is within the scope of employment if it is initiated, in part, to further or promote the master's business." Martin v. Central OhioTransit Authority (1990), 70 Ohio App.3d 83, 92. {¶ 23}
Appellants argue because Bell-Haun hosted the party at its premises to boost the morale of its employees, it was not simply a social party, but rather a work function. Appellants rely upon the Ohio Supreme Court's decision in Kohlmayer v. Keller, Admin.Bureau of Workers Comp. (1970), 24 Ohio St.2d 10, to establish Keathley was in the course of employment. The Kohlmayer Court found an employee was in the course of employment when he sustained an injury "while attending a picnic which [was] sponsored, supervised and paid for by the employer, and which was given by the employer for the purpose of generating friendly relations with his employees." Id. at 11.
 {¶ 24} We find Kohlmayer to be distinguishable from the facts herein. The Kohlmayer employee, who himself was injured, sought to participate in the Workers Compensation Fund. TheKohlmayer decision does not address the issue of an employer's potential liability to a third party as a result of an employee's negligence. The injury to the Kohlmayer plaintiff occurred during the party at the employer's premises. In the instant action, Keathley was not the individual injured, but rather the individual who caused the injury. Further, the injury occurred away from the employer's premises.
 {¶ 25} Appellants' second assignment of error is overruled.
 III {¶ 26} In their final assignment of error, appellants challenge the trial court's finding Bell-Haun was not liable as a social host. Appellants assert the Bell-Haun picnic was not purely social, but had a work aspect; therefore, Settlemyer v.Wilmington Veteran's Post No. 49 (1984), 11 Ohio St.3d 123, upon which the trial court relied, is not controlling and is inapplicable to the instant action. We disagree.
 {¶ 27} "A social provider of intoxicating beverages should not be held to the same duty of care that a commercial proprietor is subject to * * *" Id. at 127.
 {¶ 28} While we agree improved morale may benefit an employer, improved employee morale has no direct effect on the commercial profitability of the business; therefore, the event was not a work function. Appellee did not profit from, let alone receive monetary reimbursement for, the alcohol it provided. Appellee was not a commercial proprietor of alcohol. We find the trial court correctly analyzed the matter under the Social Host Doctrine. We find the fact an employer-employee party may improve employee morale, either intentionally or incidentally, does not transform the function into a commercial undertaking.
 {¶ 29} Appellants' third assignment of error is overruled.
 {¶ 30} The judgment of the Delaware County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellants and Keathley entered into a Stipulation of Partial Dismissal and Entry which was filed November 22, 2005. Therein, all claims pending between and among appellants and Keathley were dismissed with prejudice.